UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Oct 15  1 04 PM '03

U.S. DISTRICT COURT
NEW HAVEN CT

------------------------------------------------------------

JOHN D. DARER, 4STRUCTURES.COM, LLC
d/b/a SUMMIT SETTLEMENT SERVICES,

    Plaintiffs,

v.

MARY WROBLESKI and LING WANG,

    Defendants.

------------------------------------------------------------

3:02CV1751 (MRK)

OCTOBER 14, 2003

## DEFENDANT WROBLESKI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO QUASH SUBPOENAS

Defendant Mary Wrobleski respectfully submits this reply memorandum of law in further support of her Motion to Quash (Doc. # 34), dated September 19, 2003. The plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Quash Subpoenas, dated October 7, 2003 (the "Opposition Brief") further evidences the plaintiffs' clear intent simply to punish the defendant with this unnecessary and abusive discovery.

In their Opposition Brief, the plaintiffs assert that the nine subpoenas issued to Ms. Wrobleski's former employers and schools are intended to elicit information to support their claim that "Wrobleski knowingly and with intent to defraud, intentionally misrepresented her academic and professional credentials to Plaintiffs." See Opposition Brief, p. 2. The plaintiffs further assert that they "have a good faith reason to believe that [the subpoenaed documents] would reveal that Wrobleski perjured herself at her deposition with respect to said academic and professional credentials." See Opposition Brief, p. 5. While Ms. Wrobleski denies that she misrepresented her credentials or perjured herself, she nonetheless *agreed* voluntarily to provide

the plaintiffs with authorizations so they could obtain information from her prior employers and schools with respect to her credentials.[1]

Were the plaintiffs' goals solely to discover potentially relevant information concerning Ms. Wrobleski's credentials and her assertions regarding her professional history, the plaintiffs would have agreed to a reasonable limit on the scope of their subpoenas. The plaintiffs, however, would not agree to the limitations on their subpoenas proposed by Ms. Wrobleski, despite the fact that such authorizations would have enabled the plaintiffs to obtain all documents relevant to her academic and employment credentials. Nor would the plaintiffs agree to any other limitation on their overbroad subpoenas. The plaintiffs have maintained this position despite the fact that their subpoenas seek, without restriction, *all* documents relating to Ms. Wrobleski's academic records and *all* documents relating to Ms. Wrobleski's employment. See Defendant's Brief at Exhibit 1.

Even when challenged for a justification for their pursuit of such extensive information, the plaintiffs have cited no reason why they are entitled to discover information from Ms. Wrobleski's schools concerning her grades, attendance records, financial aid documents, health records or any other information. See Defendant's Brief, p. 5. Similarly, the plaintiffs have failed to justify their request to Ms. Wrobleski's former employers for information concerning her

---

[1] As set forth in the letter from Daniel Young to the Albert Moris, dated September 15, 2003 (attached to Defendant Wrobleski's Memorandum of Law in Support of Motion to Quash Subpoenas ("Defendant's Brief") as Exhibit A), the defendant agreed voluntarily to provided the plaintiffs with authorizations for "the release of information concerning any courses taken by Ms. Wrobleski and any degrees or certificates conferred," as well as for "the release of the dates of Ms. Wrobleski's employment, the position(s) she held, and the reason (s) for her termination." The plaintiffs rejected this proposal and indicated that they were unwilling to limit their subpoenas in *any* respect.

compensation, her health insurance or other benefits, her performance reviews, the assignments she worked on or any other employment information. Id. Indeed, the plaintiffs still will not even limit the scope of their subpoena so as not to request medical records relating to Ms. Wrobleski's temporary disability. None of this information has any relevance to the plaintiffs' claim that Ms. Wrobleski misrepresented her academic and employment *credentials*.

The plaintiffs are not entitled to violate Ms. Wrobleski's privacy and inquire into every aspect concerning Ms. Wrobleski's academic history and employment career since she first began college in 1982. And, the plaintiffs do not even proffer any explanation as to why they believe it is necessary for them to the take depositions of those with knowledge concerning Ms. Wrobleski's career with her former employers.

The plaintiff John Darer recently communicated that one goal of this litigation is to financially punish Ms. Wrobleski, with the hope that he may bankrupt her. The plaintiffs' position with respect to the instant dispute is clear proof of Mr. Darer's impermissible motivation. In order to avoid the need for unnecessary and expensive brief-writing that she can ill-afford, Ms. Wrobleski agreed to provide the plaintiffs with authorizations for all conceivably relevant information. The plaintiffs were unwilling to negotiate the scope of their overbroad subpoenas despite their inability, even in response to the defendant's motion, to justify the breadth of the documents and deposition discovery they have sought.

Local Rule 37(a)(4) provides that:

> Where a party has sought or opposed discovery which has resulted
> in the filing of a motion, and that party's position is not warranted
> under existing law and cannot be supported by good faith argument
> for extension, modification or reversal of existing law, sanctions
> will be imposed in accordance with applicable law.