FILED

Oct 24  2 46 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN D. DARER and 4STRUCTURES.COM,
LLC d/b/a Summit Settlement Services,
        Plaintiffs

VS.                                    CIVIL ACTION NO.
                                           302 CV 1751 (MRK)

LING WANG AND MARY WROBLESKI,
        Defendants                                 OCTOBER 23, 2003

## PLAINTIFFS' MOTION FOR LEAVE OF COURT TO
## DEPOSE DEFENDANT LING WANG

PLEASE TAKE NOTICE that pursuant to Rules 30(a)(2)(B) and 26(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs, John D. Darer and 4Stuctures.com, LLC, ("Plaintiffs") respectfully request that the court grant Plaintiffs' leave to depose Defendant Ling Wang ("Wang") for the limited purpose of examining Wang on Wang's knowledge with respect to the additional allegations against Defendant Mary Wrobleski ("Wrobleski") pursuant to Plaintiffs' Amended Complaint filed on August 26, 2003. In support of this motion, Plaintiffs state as follows:

1. On October 2, 2002, Plaintiffs filed a Verified Complaint against Defendants asserting fourteen (14) different and unique causes of action under Federal and State law. Specifically, in Plaintiffs' Verified Complaint, Plaintiffs asserted a claim of Copyright Infringement, a Breach of Contract claim, a claim for Breach of Settlement Agreement (as to Wrobleski only), a claim for Computer Fraud and Abuse, a claim of violation of Conn. Gen. Stat. § 52-5706, a claim of violation of the Connecticut Uniform Fair Trade Secrets Act, a claim of Unjust Enrichment, a claim of violation of Conn. Gen. Stat. § 42-110 a ("CUTPA"), a claim of Breach of Fiduciary Duties, a claim of Negligent Misrepresentation, a claim of Statutory Theft, a claim of Conversion, a request for Declaration Judgment, and a claim of Breach of Duty of Good Faith and Fair Dealing. See Ex. A.

2. Plaintiffs deposed Wang on May 2, 2003.

3. The deposition of Wang was continued on June 11, 2003 and completed on June 11, 2003.

4. On August 29, 2003 Plaintiffs, with leave of court, filed an Amended Complaint, adding several counts of Intentional Misrepresentations and Tortious Interference with an Advantageous Business Relationship against Wrobleski.

5. On September 26, 2003, Plaintiffs scheduled and noticed the deposition of Wang for the purpose of deposing Wang on his knowledge related to the limited issue of the new

additional counts and allegations in the Amended Complaint of Intentional Misrepresentation and Tortious Interference by Wrobleski.

6.  Wrobleski's counsel contacted the undersigned and insisted Plaintiffs' must obtain leave of court pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure before Wang's deposition may proceed.

7.  Despite Plaintiffs' representation that Plaintiffs will not examine Wang on the allegations of the original Complaint, for which Wang has already thoroughly been examined, Wrobleski refused to allow the deposition of Wang without leave of this Court.

8.  Wang, represented Pro se, does not oppose this Motion.

9.  Wrobleski opposes this Motion.

## CERTIFICATE PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant the Federal Rules of Civil Procedure, counsel for Plaintiffs certifies that he has conferred with counsel for Wrobleski and, again, conferred with Wrobleski's counsel in writing, in a good faith effort to resolve the issues raised by this Motion, without success.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 30(a)(2) provides in pertinent part:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principle stated in rule 26(b)(2), if the person to be examined is confined in prison or if without the written stipulation of the parties.

> (B) the person being examined already has been deposed in the case;......

Fed.R.Civ.P. 30(a)(2)(B).

Rule 26(b)(2) provides in pertinent part:

> ......the frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the parties seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the important of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues:

In the present case, the discovery sought would not be unreasonably cumulative or duplicative since it would only cover allegations not covered in Wang's previous deposition. In addition, Plaintiffs have not examined Wang with respect to Plaintiffs' claims of intentional misrepresentation and tortious interference as such claims were not at issue in this case prior to the filing of the Amended Complaint on August 29, 2003. Furthermore, the information sought herein is not obtainable from any other source.

Plaintiffs have not had ample opportunity by discovery in the action with respect to the new counts and causes of action in its Amended Complaint; and the additional allegations are important issues at stake in this litigation because such counts seek punitive damages against Wrobleski. Finally, the party most burdened by the additional deposition of Wang is Wang, who does not oppose such deposition.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the court grant Plaintiffs leave to depose Wang for the purpose of examining Wang on the limited issues related to the additional allegations and counts in Plaintiffs' Amended Complaint filed on August 29, 2003.

Dated this 23rd day of October, 2003.

Respectfully submitted,

Alberto N. Moris, Esq. (ct 23979)
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South
Post Office Box 1107
Darien, Connecticut 06820
Telephone:   203.899-3300
Facsimile:   203.655.4302
amoris@rbce.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to Defendant's counsel, Steven M. Frederick, Esq., Wofsey, Rosen, Kweskin, Kuriansky, LLP at 600 Summer Street, Stamford, Connecticut 06901, via facsimile and mail this 23rd day of October, 2003.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via Federal Express to Ling Wang, 17 Quarry Run, Wallingford, CT 06492, this 23rd day of October, 2003.

_____
Alberto N. Moris, Esq. (ct 23979)