UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOHN D. DARER, 4STRUCTURES.COM, LLC
d/b/a SUMMIT SETTLEMENT SERVICES,

    Plaintiffs,

    v.

MARY WROBLESKI and LING WANG,

    Defendants.

---

302 CV 1751 (MRK)

OCTOBER 31, 2003

## DEFENDANT WROBLESKI'S OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO DEPOSE DEFENDANT LING WANG

Defendant Mary Wrobleski respectfully submits this objection to the plaintiffs' Motion for Leave of Court to Depose Defendant Ling Wang, dated October 23, 2003. Pursuant to the plaintiffs' motion, they seek permission from the Court to conduct a second deposition of defendant Ling Wang. As discussed below, Rule 30(a)(2)(B) and Rule 26(b)(2) of the Federal Rules of Civil Procedure forbid a second deposition under these circumstances.

### BACKGROUND

The unfortunate history of this dispute was set forth more fully in defendant Wrobleski's recent Motion to Quash, dated September 19, 2003, and it will not be repeated herein. Briefly, however, this case is but one of a long line of litigations through which plaintiff John Darer has sought to thwart competition and "punish" those whom he feels have wronged him. The plaintiffs' use of the court system for the unlawful purpose of stifling legitimate competition

forms the basis of the defendants' counterclaim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

Dr. Wang's deposition was commenced on May 2, 2003 and concluded on June 11, 2003. During both days of his deposition, Dr. Wang was represented by counsel,[1] and he answered all questions posed to him, with the exception of questions concerning communications between him and his counsel. In between the first and second days of his deposition, the plaintiffs also had the opportunity to commence the deposition of defendant Mary Wrobleski. It is undisputed that the plaintiffs *concluded* Dr. Wang's deposition on June 11, 2003.

On August 29, 2003, Dr. Wang entered a *pro se* appearance in this matter, and on September 8, 2003, the Court granted Attorney Steven Frederick's motion to withdraw his appearance for Dr. Wang. That motion was filed, at Dr. Wang's insistence, based upon his determination that he no longer could afford legal representation, and that such representation was less necessary following the completion of his deposition and other written discovery directed toward him. In requesting that Attorney Frederick cease his representation of him, Dr. Wang also communicated that he had been informed by the plaintiffs, *inter alia*, that they would be willing to discuss settling with him *only if* he terminated his relationship with Attorney Frederick.

Since Attorney Frederick's withdrawal of his appearance for Dr. Wang, the plaintiffs and Dr. Wang have sought to negotiate a settlement. Thus far unsuccessful, the plaintiffs now seek to conduct a second deposition of Dr. Wang. The plaintiffs' motivation in seeking this second

---

[1] Until September 8, 2003, defendant Ling Wang was represented by the same law firm that continues to represent defendant Mary Wrobleski.

2

deposition appears to be premised upon their desire to inflict more economic harm on the defendants, and upon their belief that Dr. Wang will be more helpful to their position now that he is anxious to settle with them and now that he no longer is represented by counsel. Regardless of the motivation, however, a second deposition would be improper under the present circumstances.

## **DISCUSSION**

Unless all parties consent by written stipulation, Rule 30(a)(2) provides that the deposition of a person who already has been deposed in the case may be taken only with leave court, "which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2) provides that the relevant considerations focus on whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

All of these factors dictate that a second deposition should not be permitted.

The plaintiffs' sole justification for the need for a second deposition of defendant Wang is that they have recently amended their complaint to add several counts of intentional misrepresentation and tortious interference with an advantageous business relationship against defendant Wrobleski. With respect to these new claims, it is far from clear how Dr. Wang's

3

testimony is necessary to prove additional counts concerning Ms. Wrobleski's alleged misrepresentations and alleged tortious interference conduct. Indeed, the plaintiffs do not offer a single explanation as to why Dr. Wang's testimony is required on these issues.

An amendment to the complaint alone also should not authorize the plaintiffs to take a second deposition of Dr. Wang when the plaintiffs have offered no proof that the facts upon which they base their new claims were unknown prior to completion of Dr. Wang's first deposition. In fact, the plaintiffs' new (baseless) allegations of misrepresentation and tortious interference against Ms. Wrobleski all related to conduct that occurred *years* ago.

A second deposition would be cumulative or duplicative because it would provide the plaintiffs with a second bite at the apple to depose Dr. Wang, after he no longer is represented by counsel, on issues that could have been raised earlier. Thus, the plaintiffs have "had ample opportunity by discovery in the action to obtain the information sought." See Rule 26(b)(2)(ii).

A second deposition also would be unjustifiably expensive and burdensome for both defendants, as the plaintiffs are aware, as both defendants will want to obtain copies of the transcript and both will attend the deposition. See Rule 26(b)(2)(iii). The burden of a second deposition on Dr. Wang also is particularly acute given the fact that he no longer is represented by counsel, and that he made the decision to represent himself premised partially on his belief that his deposition was completed. In light of these factors, the burden and expense of a second deposition is not justified given the questionable benefit that has not even been articulated by the plaintiff.[2]

---

[2] Forcing a second deposition of Dr. Wang also will cause defendant Wrobleski to incur more unnecessary legal fees – which likely is a motivating factor behind the plaintiffs' motion for leave.

4

Finally, in the plaintiffs' brief, they erroneously report Dr. Wang's position on this motion. See Plaintiffs' Brief, p. 3 ("Wang, represented Pro Se, does not oppose this Motion."); p. 5 ("Finally, the party most burdened by the additional deposition of Wang is Wang, who does not oppose such deposition."). Contrary to the plaintiffs' assertions, Dr. Wang *does* object to the plaintiffs conducting a second deposition.

In communicating defendant Wrobleski's objection to this motion with plaintiffs' counsel, the undersigned advised plaintiffs' counsel that "from our conversations with Dr. Wang, it is less than clear that he is willing to sit for a second deposition voluntarily." See Letter from Attorney Young to Attorney Moris, dated October 3, 2003 (attached hereto as Exhibit A). Upon receipt of the plaintiffs' motion, the undersigned contacted Dr. Wang once again concerning this issue, because the plaintiffs' representations concerning his consent to their motion were inconsistent with Dr. Wang's prior communications. At that time, Dr. Wang again explained that he <u>does</u> object to a second deposition, and he only had informed plaintiffs' counsel that if the Court ordered him to sit for a deposition, he would do so. Confirming this position, that Dr. Wang does object to this motion, is the attached e-mail from Dr. Wang. See Exhibit B. Dr. Wang's position could not be more clear: "I absolutely DO NOT voluntarily want to sit in for another deposition UNLESS it is REQUIRED by the court."

For all the foregoing reasons, defendant Wrobleski respectfully submits that the second deposition of Dr. Wang will unfairly prejudice him, and will unreasonably burden both defendants. Absent compelling justification for a second deposition, that has not been demonstrated by the plaintiffs, defendant Wrobleski respectfully requests that the Court deny the plaintiffs' motion.

                    **RESPECTFULLY SUBMITTED,**

                    **THE DEFENDANT**
                    **MARY WROBLESKI**

By _____
    Steven M. Frederick (ct08743)
    Daniel M. Young (ct17188)
    Wofsey, Rosen, Kweskin & Kuriansky, LLP
    600 Summer Street
    Stamford, CT 06901
    Tel (203) 327-2300
    Fax (203) 967-2373

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, via first class mail, this 31st day of October, 2003 to:

Alberto Moris, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South
Darien, CT 06820

Dr. Ling Wang
17 Quarry Run
Wallingford, CT 06492

_____
Daniel M. Young