ABRAHAM WOFSEY 1915-1944
MICHAEL WOFSEY 1927-1951
DAVID M. ROSEN 1926-1967
JULIUS B. KURIANSKY 1952-1992
SYDNEY C. KWESKIN 1946-1998

**WOFSEY ROSEN KWESKIN & KURIANSKY, LLP**

SAUL KWARTIN
EMANUEL MARGOLIS
ANTHONY R. LORENZO
OF COUNSEL

MONROE SILVERMAN
*HOWARD C. KAPLAN
EDWARD M. KWESKIN
DAVID M. COHEN
MARSHALL GOLDBERG
STEPHEN A. FINN
JUDITH ROSENBERG
*MARK H. HENDERSON
STEVEN D. GRUSHKIN
MATTHEW J. FORSTADT
*STEVEN M. FREDERICK
ERIC M. HIGGINS

*JOSEPH M. PANKOWSKI, JR.
COUNSEL

*WILLIAM M. DAVOREN
JOHN A. FARNSWORTH
*KUROSH L. MARJANI
ALEX K. SHERMAN
*DANIEL M. YOUNG

*ALSO NEW YORK BAR

LAW OFFICES   600 SUMMER STREET   •   STAMFORD, CT 06901-1490   •   203-327-2300
• FAX 203-967-9273
• www.wrkk.com

**Via Facsimile: 655-4302**
**and U.S. Mail**

October 3, 2003

Alberto N. Moris, Esquire
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South
Darien, Connecticut 06820

Re: <u>4Structures vs. Wrobleski and Wang</u>

Dear Attorney Moris:

I am writing in response to your September 29, 2003 letter and in order to provide you with our position regarding your right to proceed with a second deposition of Ling Wang. We apparently agree that pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, you must obtain leave of the Court before you may proceed with his deposition.

We believe that the principles stated in Rule 26(b)(2) forbid you from proceeding with this second deposition of Dr. Wang. A second deposition would be unreasonably cumulative or duplicative, and it also would be burdensome and unjustifiably expensive for our client and for Dr. Wang, both of whom undoubtedly will want to obtain their own copies of the transcript. Moreover, the plaintiffs already have had ample opportunity to obtain the information sought during Dr. Wang's prior deposition, and we strongly believe the burden and expense of a second deposition outweigh any benefit that may exist.

We dispute your contention that your recent amendment to the Complaint justifies a second deposition of Dr. Wang. From our comparison of the original and Amended Complaint, it appears that the primary changes concern alleged misrepresentations

WOFSEY
ROSEN
KWESKIN &
KURIANSKY, LLP

Alberto N. Moris, Esquire
Rucci, Burnham, Carta & Edelberg, LLP
October 3, 2003
Page 2

made by our client to yours. Dr. Wang's testimony is irrelevant to such allegations. More likely, we believe that your desire to take a second deposition of Dr. Wang is premised upon the fact that we no longer represent Dr. Wang. It is no secret that, now that we are not representing Dr. Wang, you and your client have had frequent contact directly with him. You and your client also have engaged in settlement negotiations with Dr. Wang premised upon his agreement to testify against Ms. Wrobleski, despite the fact that his testimony always has been truthful, regardless of which party it helps.

Disturbingly, we have been informed that your client sought to pressure Dr. Wang to terminate his relationship with our office by promising that he would be more amenable to settlement if Dr. Wang was no longer represented by Steve Frederick. Your client was successful in having Dr. Wang terminate his relationship with our office and enter a *pro se* Appearance in this case. Having done so, your clients are not entitled to take a second deposition motivated by a belief that Dr. Wang now might be more cooperative in hopes that you then will settle this matter against him.

Under these circumstances, a second deposition clearly would be an impermissible second bite of the apple. It also would unfairly take advantage of an unrepresented party. Dr. Wang's decision to terminate his relationship with our office was partially premised upon the fact that his deposition was concluded and that he no longer would need representation in the remaining discovery issues existing in the case. A second deposition, therefore, additionally would prejudice Dr. Wang, who no longer is

WOFSEY
ROSEN
KWESKIN &
KURIANSKY, LLP

Alberto N. Moris, Esquire
Rucci, Burnham, Carta & Edelberg, LLP
October 3, 2003
Page 3

represented by counsel and who no longer is capable of making a fully informed decision on whether he should consent to a second deposition, absent the assistance of counsel. Finally, from our conversations with Dr. Wang, it is less than clear that he is willing to sit for a second deposition voluntarily.

In light of the foregoing, we will object to any request for leave of the Court to take a second deposition of Dr. Wang. Contrary to your assertion that this is a "somewhat trivial issue," we believe your client's attempt to redepose Dr. Wang evidences a clear intent to coerce Dr. Wang, prejudice his rights, and take advantage of an unrepresented party who, while highly educated, is indisputably unsophisticated with respect to litigation.

Very truly yours,

WOFSEY, ROSEN, KWESKIN
& KURIANSKY, LLP

DMY/ch                By:    Daniel M. Young