IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x

JOHN D. DARER ET AL.  :  3:02 CV 1751 (MRK)

v.  :

MARY WROBLESKI & LING WANG  :  DATE: NOV. 25, 2003

---------------------------------------------------------x

## RULING ON PENDING DISCOVERY MOTIONS

On October 3, 2002, plaintiffs John D. Darer, and 4Structures.Com, LLC, d/b/a Summit Settlement Services ["4Structures"] commenced this trademark and copyright infringement action against defendants Ling Wang and Mary Wrobleski, arising from defendants' former employment with 4Structures. (Dkt. #1). An Amended Verified Complaint was filed on September 2, 2003 (Dkt. #31), with thirty-seven counts as follows: (a) as to both defendants, copyright infringement under 17 U.S.C. §§ 101 et seq. (First and Twenty-Second Counts); breach of contract (Second and Twenty-third Counts); computer fraud and abuse in violation of 18 U.S.C. §§ 1030(a)(4), 1030(a)(5)(B) & 1030(a)(5)(C) (Fourth, Fifth, Sixth, Twenty-fifth and Twenty-seventh Counts); computer related offense in violation of CONN. GEN. STAT. § 52-570b (Seventh, Twenty-sixth and Twenty-eighth Counts); violation of Connecticut Uniform Trade Secrets Act (Eighth and Twenty-ninth Counts); unjust enrichment (Ninth and Thirtieth Counts); violation of Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. §§ 42-110a et seq. (Tenth and Thirty-first Counts); breach of fiduciary duties (Eleventh and Thirty-second Counts); negligent misrepresentation (Sixteenth and Thirty-third Counts); statutory theft in violation of CONN. GEN. STAT. § 52-564 (Seventeenth and Thirty-fourth Counts); conversion (Eighteenth and Thirty-fifth Counts); declaratory judgment (Nineteenth and Thirty-sixth Counts); breach of duty of good faith and fair dealing

AO 72A
(Rev. 8/82)

(Twentieth and Thirty-seventh Counts); (b) as to defendant Wrobleski only, breach of settlement agreement (Third Count); intentional misrepresentation (Twelfth, Thirteenth, Fourteenth and Fifteenth Counts); tortious interference with an advantageous business relationship (Twenty-first Count); and (c) as to defendant Wang only, breach of consulting agreement (Twenty-fourth Count).

On September 11, 2003, defendant Wrobleski filed her answer, four affirmative defenses, and counterclaims, which allege breach of contract (First Count), breach of implied covenant of good faith and fair dealing (Second Count), unjust enrichment (Third Count), quantum meruit (Fourth Count), intentional misrepresentation (Fifth Count), negligent misrepresentation (Sixth Count), and violation of Connecticut Unfair Trade Practices Act (Seventh Count). (Dkt. #32). Defendant Wang formerly was represented by counsel, but is now appearing pro se. (Dkt. #29 & 9/8/03 endorsement thereon; Dkt. #30).

On November 13, 2003, U.S. District Judge Mark R. Kravitz assigned discovery matters to this Magistrate Judge. (Dkt. #45). Under the Scheduling Order issued by U.S. District Judge Janet Bond Arterton, to whom this file formerly was assigned, all discovery was to be completed by December 1, 2003. (Dkt. #25, ¶ 1). Two discovery motions presently are pending before the Court. First, on September 19, 2003, defendant Wrobleski filed a Motion to Quash Subpoenas and brief in support. (Dkts. ##34 & 36).[1] On October

---

[1]The following exhibits were attached to defendant's brief (Dkt. #36): copies of nine subpoenas, all dated September 4, 2003, served on Hyperion Software Operations, Inc., Sungard Treasury Systems, Inc., Isolve.com, Inc., TIAA-CREF Investment Management, LLC, Skidmore College, Rensselaer Polytechnic Institute, Yale University, Columbia University, and Trinity College (Exh. 1); and original affidavit of defense counsel, dated September 19, 2003 (Exh. 2), to which was attached a copy of correspondence between counsel, dated September 15, 2003 (Subexh. A).

2

8, 2003, plaintiffs filed their brief in opposition. (Dkt. #37).[2] One week later, defendant Wrobleski filed her reply brief. (Dkt. #38).

Second, on October 24, 2003, plaintiffs filed their Motion for Leave of Court to Depose Defendant Wang (Dkt. #40), as to which defendant Wrobleski filed a brief in opposition on November 3, 2003. (Dkt. #43).[3]

For the reasons stated below, defendant Wrobleski's Motion to Quash Subpoenas (Dkt. #34) is <u>granted in part and denied in part</u> and plaintiffs' Motion for Leave of Court to Depose Defendant Wang (Dkt. #40) is <u>granted in part and denied in part</u>.

## I. DISCUSSION

### A. DEFENDANT WROBLESKI'S MOTION TO QUASH SUBPOENAS (Dkt. #34)

The Twelfth, Thirteenth and Fourteenth Counts of plaintiffs' Amended Verified Complaint allege that defendant Wrobleski intentionally misrepresented "her academic and professional credentials" to plaintiffs, who detrimentally relied upon such misrepresentations in engaging her as a software developer. (Dkt. #31, at ¶¶ 190-91, 196-97 & 202). On September 4, 2003, plaintiffs served subpoenas on five educational institutions where plaintiff obtained a degree or attended courses or seminars – Skidmore College, Rensselaer Polytechnic Institute, Yale University, Columbia University, and Trinity College – and on four former employers – Hyperion Software Operations, Inc., Sungard Treasury Systems, Inc., Isolve.com, Inc., and TIAA-CREF Investment Management, LLC. (Dkt. #36, Exh. 1). The subpoenas directed to the five educational institutions request "[a]ny and all documents in

---

[2]The following three exhibits were attached: copy of plaintiffs' Verified Complaint (Exh. A); copy of plaintiffs' Amended Verified Complaint (Exh. B); and excerpts from the deposition transcript of defendant Wrobleski, taken on May 1, 2003 (Exh. C).

[3]The following two exhibits were attached: copy of correspondence between counsel, dated October 3, 2003 (Exh. A); and copy of e-mail correspondence between defendant Wrobleski's counsel and defendant Wang, dated October 23, 2003 (Exh. B).

your custody or control relating to the academic records of Mary Wrobleski, including all transcripts," whereas the subpoenas directed to the four former employers request "all documents relating to [your] employment of Mary Wrobleski." (Id.).

Defendant Wrobleski argues: that her academic records are confidential under 20 U.S.C. § 1232g, but does not object to confirmation that she attended those institutions, took certain classes, and received a degree, if applicable, but her grades, attendance records, financial aid documents, health records, or any other educational information are not discoverable; and that her personnel file and other related employment documents are confidential under CONN. GEN. STAT. §§ 31-128f, but does not object to information verifying dates of employment and titles she held, but her compensation, health insurance or other benefits, performance reviews, or other information are not discoverable. (Dkt. #36, at 5-7 & Exh. 2 & Subexh. A). In light of plaintiffs' unwillingness to compromise, defense counsel argues that plaintiffs' "true motivation is not the discovery of relevant evidence but rather the desire to continue to punish Ms. Wrobleski," and therefore seeks sanctions pursuant to Local Rule 9(d)(4). (Dkt. #36, at 7).

In their brief in opposition, plaintiffs argue: that plaintiffs sought verification of defendant Wrobleski's academic professional credentials in their Requests for Production of Documents, but that defendant Wrobleski objected to these requests (Dkt. #37, at 2); that during her deposition, plaintiff repeatedly asked about her academic credentials, employment experience, and software development experience, but had "no recollection of any specifics" and was "continually evasive in almost all her responses" (id. at 2-3 & Exh. C, at 1-34); and that when asked what computer classes she had taken, she indicated that she could not remember the exact courses and referred instead to her transcripts. (Id. at 3 & Exh. C, at 16).

4

AO 72A
(Rev. 8/82)

In her reply brief, defendant Wrobleski reiterated her willingness to provide plaintiffs with an authorization to obtain information from her prior schools and employers with respect to her credentials, with reasonable limits, but that plaintiffs are not entitled to violate her privacy and inquire into every aspect of her academic and employment history. (Dkt. #38, at 1-3). Defendant Wrobleski further refers to a statement attributed to plaintiff Darer that "one goal of this litigation is to financially punish [defendant] Wrobleski" and thus she seeks sanctions under Local Rule 37(a)(4). (Id. at 3-4).

The Magistrate Judge agrees with plaintiffs that at her deposition, defendant Wrobleski's recall with respect to the computer courses she took and some aspects of her employment was less than precise. With respect to her educational background, plaintiffs are entitled, whether by subpoena or authorizations from defendant Wrobleski, to the following information: the dates of attendance (i.e., commencement and completion dates), the degrees received, if any, and names of courses she took, and in particular computer courses; absent good cause later demonstrated to the Court, plaintiffs are not entitled to other information, such as her grades, financial aid documents, and health records. With respect to her employment history, and in particular the number of jobs from which she apparently was laid off or terminated, defendant Wrobleski is to obtain a copy of her complete personnel files, which will be submitted to the Magistrate Judge for an in camera review on the issue of relevancy **on or before January 5, 2004**.[4]

B. PLAINTIFFS' MOTION FOR LEAVE OF COURT TO DEPOSE DEFENDANT WANG

As previously indicated, plaintiffs' first Verified Complaint was filed on October 3,

---

[4] Defendant Wrobleski's request for sanctions is denied without prejudice to renewal at the completion of discovery, the Magistrate Judge not wishing to further strain relations between both counsel and their clients.

5

2002. Defendant Wang's deposition commenced on May 2, 2003 and was completed on June 11, 2003, at which he was represented by counsel. (Dkt. #40, at 2; Dkt. #43, at 2). Again, as previously indicated, on September 2, 2003, plaintiffs filed their Amended Verified Complaint, which added several new counts against defendant Wrobleski, including intentional misrepresentation and tortious interference with an advantageous business relationship. (Twelfth, Thirteenth, Fourteenth, Fifteenth and Twenty-first Counts). On August 29, 2003, defendant Wang filed his pro se appearance. (Dkt. #30).

On September 26, 2003, plaintiffs noticed defendant Wang's deposition regarding "the limited issue of the new additional counts," to which defendant Wrobleski's counsel objected (Dkt. #40, at 2-3). Plaintiffs now seek permission, pursuant to FED. R. CIV. P. 30(a)(2)(B), to depose defendant Wang on the new claims against defendant Wrobleski. (Id. at 3-5). In her brief in opposition, defendant Wrobleski argues that defendant Wang filed his pro se appearance because plaintiffs had indicated that they would only settle with defendant Wang if he were appearing pro se and these parties were close to settlement at that point (Dkt. #43, at 2), that plaintiffs' motivation in seeking this second deposition "appears to be premised upon their desire to inflict more economic harm on the defendants" (id. at 2-3), an amendment to the complaint alone does not authorize a new deposition and "it is far from clear how [defendant] Wang's testimony is necessary to prove [these] additional counts" (id. at 3-4), and this second deposition will impose unnecessary costs upon the defendants. (Id. at 4).[5]

Under appropriate circumstances, the filing of an amended complaint with additional new counts may justify a renewed deposition under Rule 30(a)(2)(B). However, from the

---

[5]The parties also disagree as to defendant Wang's position on this continued deposition – plaintiffs represent that defendant Wang does not object (Dkt. #40, at 3 & 5), whereas defendant Wrobleski argues that defendant Wang does in fact object. (Dkt. #43, at 5 & Exh. B).

AO 72A
(Rev. 8/82)

Court's review of the Twelfth, Thirteenth, Fourteenth, and Fifteenth Counts of plaintiffs' Amended Verified Complaint, it is not at all apparent how defendant Wang's testimony would have any bearing on plaintiffs' ability to prove these claims of intentional misrepresentation of defendant Wrobleski's academic and professional credentials to plaintiffs (Twelfth, Thirteenth, and Fourteenth Counts) and of intentional submission of false invoices to plaintiffs (Fifteenth Count). The Twenty-first Count, in contrast, does involve defendant Wang, in that plaintiffs allege that defendant Wrobleski tortiously interfered with plaintiffs' business relationship with defendant Wang. (¶¶ 229-33). Therefore, plaintiffs may redepose defendant Wang only with respect to the Twenty-first Count of the Amended Verified Complaint.[6]

## II. CONCLUSION

Accordingly, defendant Wrobleski's Motion to Quash Subpoenas (Dkt. #34) is <u>granted in part and denied in part to the extent set forth in Section I.A</u> *supra* and plaintiffs' Motion for Leave of Court to Depose Defendant Wang (Dkt. #40) is <u>granted in part and denied in part to the extent set forth in Section I.B</u> *supra*.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United

---

[6] Defendant Wang is urged to seek counsel to represent him during this litigation.

Counsel are to contact the Magistrate Judge's Chambers for a telephonic status conference to address what additional discovery is necessary.

AO 72A
(Rev. 8/82)

States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 25th day of November, 2003.

United States Magistrate Judge

States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.