IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                 :

JOHN D. DARER ET AL.               :         3:02 CV 1751 (MRK)

v.                                                 :

MARY WROBLESKI & LING WANG   :        DATE: JUNE 17, 2004
---------------------------------------------------------x

## RULING ON DISCOVERY DISPUTE

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Pending Discovery Motions, filed November 25, 2003 (Dkt. #46. See also Dkt. #53).  Under the latest scheduling order, all expert discovery was to be completed by June 4, 2004.  (Dkt. #50).

An impromptu telephonic discovery conference was held on May 27, 2004 (Dkt. #56); by agreement of counsel, the next day, counsel for defendant Wrobleski forwarded a letter to this Magistrate Judge ["5/28/04 Letter"], which letter has been filed under seal.[1]  (Dkt. #57).  As discussed during this conference and in the letter, in April 2003, counsel negotiated a Confidentiality Agreement ["April 2003 Confidentiality Agreement"], but to the surprise of both counsel, this agreement was never executed and never filed with the Court. (5/28/04 Letter, Exh. B).  Both attorneys have conducted themselves as if this April 2003 Confidentiality Agreement were in effect.  Although counsel for defendant Wrobleski initially

---

[1] Three exhibits were attached: copies of thirty-three pages of documents, marked "Highly Confidential – Attorney's Eyes Only" (Exh. A); copy of e-mail between counsel, dated April 25, 2003, with draft Confidentiality Agreement attached (Exh. B); and copies of correspondence between counsel, dated April 27, April 29, May 5, March 14, May 7, May 11, May 21, May 24, May 25, & May 26, 2004 and copies of e-mails between counsel, dated April 25, 2003 & May 10, 2004 (Exh. C).

Plaintiff's counsel and pro se defendant Dr. Wang received copies of the letter and Exhs. B-C only.

objected to paragraph 8 of the April 2003 Confidentiality Agreement, he would now agree to execute this agreement. (5/24/04 Letter, at 1).[2]

This present dispute concerns thirty-three pages of documents provided to plaintiffs' expert, Dr. Benjamin Goldberg, which documents were marked by plaintiffs' counsel as "Highly Confidential – Attorney's Eyes Only Material."[3]  (5/28/04 Letter, Exh. A).  These documents concern plaintiffs' allegation that defendants allegedly sabotaged plaintiffs' computer system.  (5/28/04 Letter, at 2).  Counsel for defendant Wrobleski argues that these documents should not be treated as "attorney's eyes only" documents in that they already have been shared with plaintiffs' expert (id.), and he wants to disclose these materials to his client and pro se defendant Dr. Wang, in accordance with paragraph 8 of the April 2003 Confidentiality Agreement.[4]  Once the attorneys discovered that there was

---

[2]The situation has been made more complicated by the shifting positions of both attorneys, from their e-mail communications and written correspondence, the arguments made during the May 27th telephonic discovery conference, and in the May 28th letter.

[3]Paragraph 7(d) of the April 2003 Confidentiality Agreement provides that "Confidential Material" may be provided to the parties as follows:

> Plaintiffs and Defendants, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action.  However, confidential material shall not be shown or disclosed to either of the Plaintiffs or Defendants to the extent that it relates to trade secrets or other highly confidential, proprietary business information belonging to either of the Plaintiffs or Defendants.  Such material shall be designed "Highly Confidential – Attorney's Eyes Only Material" – at the time of production.  Any disputes between counsel for Plaintiffs and counsel for Defendants regarding the scope of confidential material that either of the Plaintiffs or the Defendants may be shown will be resolved by the Court. Upon the request of either Plaintiffs' or Defendants' counsel, opposing counsel agrees to meet promptly to review issues centering on confidential material designated Highly Confidential – Attorney['s] Eyes Only.  If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance. . . .

[4]Paragraph 8 provides in relevant part:

> Prior to the disclosure of any Confidential Material to any individual . . ., such individual shall be provided with a copy of this Confidentiality Agreement and be instructed to read it.  After such person has read the Agreement, he or she shall be required to sign a copy of the agreement attached at Tab A acknowledging that he or she shall abide by the terms of this Agreement. . . .

no confidentiality agreement in place, plaintiffs' attorneys apparently attempted to renegotiate the agreement, to place greater restrictions upon disclosure to defendants of "Highly Confidential – Attorney's Eyes Only Material." (5/28/04 Letter, Exh. C, May 11, 2004 Letter & attached draft Confidentiality Agreement, ¶ 1.3). Plaintiffs' counsel is willing to disclose these documents to defendant Wrobleski, subject to her executing an acknowledgment under the newer Confidentiality Agreement; defense counsel is willing to have his client execute an acknowledgment under the April 2003 Confidentiality Agreement.

Both attorneys have conducted discovery under the mutual mistake of believing, erroneously so, that the April 2003 Confidentiality Agreement had been executed and filed with the Court. That mutual mistake does not give rise to plaintiffs' counsel now having an opportunity to renegotiate the agreement. Therefore, **on or before June 25, 2004**, both attorneys shall execute the April 2003 Confidentiality Agreement and file it with the Court, and **on or before June 30, 2004**, defendant Wrobleski and defendant Wang shall execute acknowledgments pursuant to paragraphs 7(d) & 8 of the April 2003 Confidentiality Agreement, thereby enabling defense counsel to share these documents with defendants.

In addition, **on or before July 16, 2004**, defense counsel shall disclose his expert reports, if any, to plaintiffs' counsel, and all expert discovery shall be completed **on or before August 13, 2004**. All motions for summary judgment shall be filed **on or before September 3, 2004**.[5]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review

---

(5/28/04 Letter, Exh. B). In his letter, counsel for defendant Wrobleski conceded that "[a]lthough I do not believe that a 'Tab A' acknowledgment ever has been drafted, it appears that such an acknowledgment would simply state: 'I hereby acknowledge that I have read the Confidentiality Agreement attached hereto, and I agree to abide by its terms.'" (5/28/04 Letter, at 1-2).

[5] If defendants do not designate an expert witness, these deadlines can be accelerated.

of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 17th day of June, 2004.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge