302  CV 1751 MRK

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN D. DARER and 4STRUCTURES.COM,
LLC d/b/a Summit Settlement Services,
Plaintiffs

CIVIL ACTION NO. 302 CV 1751 MRK

V.

MARY WROBLESKI,
Defendant

.⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

## **JOINT TRIAL MEMORANDUM**

    Plaintiff, John D. Darer and 4STRUCTURES.COM, LLC d/b/a Summit Settlement Services, (hereinafter referred to as "Plaintiffs"), and Defendant, Mary Wrobleski (hereinafter referred to as "Defendant" or "Wrobleski") (collectively "the Parties"), submit this Joint Trial Memorandum pursuant to the Court's Order dated September 2, 2004.

1.    <u>TRIAL COUNSEL</u>

| FOR PLAINTIFFS: | FOR DEFENDANT: |
|---|---|
| Alberto N. Moris, Esq. | Daniel M. Young, Esq. |
| Hayden R. Brainard, Esq. | Wofsey, Rosen, Kweskin & Kuriansky, LLC |
| Rucci, Burnham, Carta & Edelberg, LLP | 600 Summer Street |
| 30 Old King's Highway South | Stamford, CT 06901-1490 |
| Darien, CT 06820 | Tel: (203) 327-2300 |
| Tel: (203) 899-3300 | Fax: (203) 967-9273 |
| Fax: (203) 655-4302 | e-mail: dyoung@wrkk.com |
| e-mail ANM:  amoris@rbce.com | |
| e-mail HRB:   hbrainard@rbce.com | |

2.   JURISDICTION

The Parties agree that this Court has subject matter jurisdiction over Plaintiffs' claims asserted under the Copyright Act 17 USC § 101, et seq.


3.   JURY/ NON-JURY

This case is to be tried before the Court without a jury.


4.   LENGTH OF TRIAL

Trial is expected to require approximately six (6) to eight  (8) days.


5.   FURTHER PROCEEDINGS

There is currently no need for any further proceedings prior to trial.


6.       (a)   PLAINTIFFS' STATEMENT OF NATURE OF CASE

On  October 2 , 2002 Plaintiffs filed a Verified Complaint in the United States District Court, District of Connecticut captioned John D. Darer and 4STRUCTURES.COM, LLC d/b/a Summit Settlement Services v. Mary Wrobleski and Ling Wang , Civil Action No.: 302 CV 1751 MRK. On October 3, 2002, Plaintiff's filed an Ex-Parte Temporary Restraining Order. The Parties entered a Stipulated Temporary Restraining Order against the Defendants. On  September 2, 2003, with leave of the Court, Plaintiffs filed an Amended Verified Complaint.  Subsequently, at a mediation with the Honorable Judge Margolis, the Plaintiffs entered into a Settlement Agreement with Ling Wang.  Plaintiffs are currently pursuing the following claims (Counsel for Plaintiffs and Defendant have agreed and stipulated to the dismissal of some counts included in the Amended Verified Complaint):


Plaintiffs are the sole owners of a web-based software application that performs, controls and records the various operations and activies of Plaintiff's structured settlement business (Plaintiffs' Case Management System).   Plaintiffs initiated this action against Wrobleski, a person hired by Plaintiffs to perform software development services for Plaintiffs' Case Management System, when shortly after Plaintiffs' termination of Wrobleski, Wrobleski, alone or with the assistance of Ling Wang, disabled Plaintiffs' Case Management System.   Wrobleski

was terminated by Plaintiffs when it was discovered that, without Plaintiffs' authority, Wrobleski provided access to Plaintiffs' server to Ling Wang after Mr. Wang had been terminated by Plaintiffs and his access to the server restricted.  Furthermore it was discovered that Wrobleski had also provided access to the password protected portion of Plaintiffs' Case Management System to one of Plaintiffs' competitors.   Shortly after her termination, Wrobleski made numerous claims of ownership of Plaintiffs' Case Management System, including the outrageous claim, that along with Ling Wang, they both owned two-thirds (2/3) of Plaintiffs' Case Management (despite having little involvement in the development of Plaintiffs Case Management System).  Wrobleski also threatened to market and/or sell Plaintiffs' Case Management System.   Plaintiff initiated this action to prevent Wrobleski from copying, distributing, marketing or selling Plaintiffs' Case Management System, the intellectual property contained therein, including all copyright protected material, trade secrets and all of the confidential information contained therein.

- Count I – Copyright Infringement: 17 USC § 101 et seq.  Plaintiffs own Plaintiffs' Case Management System and related documentation for which Plaintiffs have the exclusive right to copy, distribute and reproduce within the United States (U.S. Copyright Registration No. Txu1-065-231).  Plaintiffs presently seek permanent injunctive relief, including attorney fees and costs incurred in this Action, and such other relief as the Court deems just and proper. At this time Plaintiffs forego their original request for compensatory damages because of the difficulty in ascertaining the actual value of such damages and because the greater danger, continuing damages because of any further infringement, have been prevented with the original preliminary temporary injunction entered by the Court shortly after the suit commenced.
- Count II – Breach of Contract:  Plaintiffs allege that the actions taken by Wrobleski are in breach of her consulting agreement with Plaintiffs.  Plaintiffs seek actual and consequential damages, including interest and Court costs.
- Count III – Breach of Contract: Plaintiffs allege that Wrobleski's activities constitute a breach of a Settlement Agreement entered into by Wrobleski and Plaintiffs, specifically but not limited to, Paragraph 16 of the Settlement

Agreement.  Plaintiffs seek actual and consequential damages, including interest and Court costs pursuant to the Settlement Agreement.

- Count IV – Dismissed by agreement and stipulation of the Parties.
- Count V – Computer Fraud and Abuse:  Violation of  18 USC § 1030 (a)(5)(B): Plaintiffs allege that Wrobleski, knowingly and with intent to defraud, and without authorization, accessed Plaintiffs' server ("protected computer" under the Act) and during Wrobleski's intentional unauthorized access Wrobleski caused damage to Plaintiffs' computer system, including disabling Plaintiffs' website. Plaintiffs seek actual and consequential damages, plus Court costs.
- Count VI – Computer Fraud and Abuse: Violation of  18 USC§ 1030(a)(5)(B): Plaintiffs allege that Wrobleski intentionally, and without authorization, accessed Plaintiffs' server ("protected computer" under the Act) and during Wrobleski's intentional unauthorized access Wrobleski recklessly caused damage to Plaintiffs' computer system, including disabling Plaintiffs' Case Management System. Plaintiffs seek actual and consequential damages, plus Court costs.
- Count VII – Computer Related Offense: Violation of  Connecticut General Statutes § 52-570b: Plaintiffs allege that Wrobleski, without authorization, knowingly accessed Plaintiffs' computer system, and in doing so, intentionally or recklessly disrupted or caused the disruption of the Case Management System and Plaintiffs' computer system. Plaintiffs also allege that Wrobleski, knowingly and without authorization, accessed Plaintiffs computer system on or about July 2, 2002 and disclosed private personal data contained therein to a third party. Plaintiffs seek actual and consequential damages in addition to treble damages, and all attorney fees and costs.
- Count VIII –Violation of Connecticut Uniform Trade Secrets Act (CUTSA): Plaintiffs allege that the intellectual property owned by Plaintiffs contained trade secrets and that Wrobleski misappropriated such trade secrets.  Plaintiffs seek a Judgment enjoining Wrobleski from utilizing Plaintiffs' Trade Secrets, in addition to compensatory damages, punitive damages, plus Court costs, and such other relief as the Court deems just and proper.
- Count IX – Dismissed by agreement and stipulation of the Parties.

- Count X – Violation of Connecticut General Statutes § 42–110 a et seq.
  "CUTPA": Plaintiffs allege that Wrobleski's activities constitute unfair
  competition and trade practice in the conduct of business in that her actions were
  immoral, oppressive, and unscrupulous and caused substantial damage to
  Plaintiff.  Plaintiffs seek actual and consequential damages, punitive damages,
  and all attorney fees and costs, plus such other relief as the Court deems just and
  proper.
- Count XI – Dismissed by agreement and stipulation of the Parties.
- Count XII – Intentional Misrepresentation: Plaintiffs allege Wrobleski knowingly
  and with intent to defraud intentionally misrepresented her academic and
  professional credentials to Plaintiffs, and Plaintiffs detrimentally relied on such
  misrepresentations and engaged her services as a software developer for which
  she was unqualified.  As a result of such intentional misrepresentations, by
  Wrobleski, Plaintiffs paid Wrobleski large sums of money for software
  development services Plaintiffs believed Plaintiffs were receiving, but indeed
  never received.  Plaintiffs seek actual and consequential damages, in addition to
  punitive damages, plus Court cost, and such other relief as the Court deems just
  and proper.
- Count XIII – Intentional Misrepresentation: Plaintiffs allege Wrobleski
  knowingly and with intent to defraud intentionally misrepresented her academic
  and professional credentials to Plaintiffs, and Plaintiffs detrimentally relied on
  such misrepresentations and engaged her services as a software developer for
  which she was woefully unqualified.  As a result of such intentional
  misrepresentations, by Wrobleski, Plaintiffs engaged a software developer (Greg
  Bush) and paid large sums of money to Bush for software development services
  the product of which Plaintiffs never received after over one (1) year of paying
  for such development services.  Plaintiffs seek actual and consequential damages,
  in addition to punitive damages, plus Court costs, and such other relief as the
  Court deems just and proper.
- Count XIV – Dismissed by agreement and stipulation of the Parties.

- Count XV – Intentional Misrepresentation – Plaintiffs allege that Wrobleski submitted false invoices for work never performed.  Plaintiffs seek actual and consequential damages in addition to punitive damages, plus Court costs and such other relief as the Court deems just and proper.
- Count XVI – Dismissed by agreement and stipulation of the Parties.
- Count XVII - Dismissed by agreement and stipulation of the Parties.
- Count XVIII - Dismissed by agreement and stipulation of the Parties.
- Count XIX - Dismissed by agreement and stipulation of the Parties.
- Count XX - Dismissed by agreement and stipulation of the Parties.
- Count XXI- Plaintiffs allege that Wrobleski tortuously interfered with Plaintiffs' advantageous business relationship with one of its software developers, Ling Wang, and in doing so, damaged and destroyed such advantageous relationship. Plaintiffs seek actual and consequential damages, plus Court cost.

(a) WROBLESKI'S STATEMENT OF NATURE OF CASE

The Plaintiffs' pursuit of this matter has been motivated by the Plaintiffs' desire to stifle competition and prevent Ms. Wrobleski and others from daring to seek to develop software for the structured settlement industry. The Plaintiffs claim a complete monopoly on any software for the structured settlement industry by asserting that all information concerning any computer product that would service the industry is a trade secret or is otherwise protected by their copyright of their website. In furtherance of the Plaintiffs' desire to lock others out of the industry, they have pursued similar claims, including claims of theft of trade secrets, against several other software developers with the goal of obtaining non-compete agreements as to which they are not entitled. The goal and result of the Plaintiffs' litigious conduct has been that others indeed are hesitant to develop software for the structured settlement industry, for fear that the Plaintiffs will pursue frivolous claims against them too.

The Plaintiffs' pursuit of this litigation also is motivated by plaintiff John Darer's vengeance. He has repeatedly stated that his simple goal in pursuing this matter is to punish Ms. Wrobleski and, along the way, hopefully to bankrupt her. Mr. Darer and Ms. Wrobleski met through an internet dating service, and they enjoyed many years of a devoted friendship before their business dealings. Only after Mr. Darer became emotional and disturbed by Ms. Wrobleski's refusal to commit that, in the future, she would not work in the structured settlement

industry, did the Plaintiffs turn on Ms. Wrobleski and fabricate numerous claims in order to "punish" her for her alleged betrayal.

Ms. Wrobleski offers the following with respect to the counts of the Plaintiffs' complaint that they will pursue at trial. Ms. Wrobleski does <u>not</u> stipulate that the counts of the Plaintiffs' complaint that they no longer wish to pursue are dismissed by agreement and stipulation. The Plaintiffs have voluntarily withdrawn those nine (9) unsupportable counts, but Ms. Wrobleski believes that the pleading of those counts supports of CUTPA counterclaim, the seventh count of her counterclaims.

FIRST COUNT - Copyright Infringement - Although the Plaintiffs have pled an extremely broad count of copyright infringement, they now narrow that count to a single allegation that Ms. Wrobleski allegedly infringed their copyright in their website by briefly showing their website to another software developer in the structured settlement industry, and to a claim for injunctive relief. Ms. Wrobleski disputes that she showed the Plaintiffs' website to that software developer, Viren Patel. Regardless, as a matter of law such disclosure cannot constitute a copyright infringement as a simple, brief disclosure of a copyrighted material does not constitute the impermissible violation of a copyright holder's rights. Ms. Wrobleski also disputes the extent to which copyright law protects the vast majority of the Plaintiffs' relatively generic website. With respect to the Plaintiffs' claimed need for an injunction, no threat or possibility of infringement exists now or existed even at the time the Plaintiffs filed this action. Ms. Wrobleski believes that this claim has been pursued in bad faith, and that she should be awarded attorneys' fees for this frivolous claim.

SECOND COUNT - Breach of Contract - Ms. Wrobleski disputes that she in any manner breached her oral consulting agreement with the Plaintiffs. To the extent the Plaintiffs claim that Ms. Wrobleski did not provide competent software development services, they do not have an expert to support such a claim and they, therefore, cannot pursue any claim of breach of an implied duty of care as an alleged term of the parties' oral agreement.

THIRD COUNT - Breach of Settlement Agreement - Ms. Wrobleski disputes that she has in any manner violated the terms of a settlement agreement involving her and the Plaintiffs in

settlement of a prior lawsuit. Ms. Wrobleski has not interfered with the Plaintiffs' use and ownership of their intellectual property, and she has consistently communicated individually and through her counsel that she does not claim ownership of the work she performed for the Plaintiffs since prior to the Plaintiffs' commencement of this matter. While Ms. Wrobleski, pre-litigation, briefly claimed to the contrary, asserting that she owned the code she had drafted for the Plaintiffs' website because she had not been paid for it, she abandoned that argument prior to the commencement of litigation.

FOURTH COUNT - Computer Fraud (18 U.S.C. § 1030(a)(4)) - Ms. Wrobleski denies that she is liable for computer fraud and abuse by allegedly showing Viren Patel a superficial view of the Plaintiffs' website. As discussed above, Ms. Wrobleski denies having showed Mr. Patel the Plaintiffs' website. Even had she showed him the website, however, her allegedly limited, "superficial" demonstration does not constitute computer fraud, especially because the Plaintiffs cannot claim any damages resulting from said alleged abuse.

FIFTH COUNT - Computer Fraud (18 U.S.C. § 1030(a)(5)(B)) - The Plaintiffs seek to blame Ms. Wrobleski for the crashing of their computer system in August 2002. The Plaintiffs have no proof that Ms. Wrobleski did so. To the contrary, all evidence points to other causes of the crash.

SIXTH COUNT - Computer Fraud (18 U.S.C. § 1030(a)(5)(C)) - The Plaintiffs seek to blame Ms. Wrobleski for recklessly causing their computer system to crash in August 2002. Again, there is no proof that Ms. Wrobleski did so. To the contrary, all evidence points to other causes of the crash.

SEVENTH COUNT - Computer Fraud (Conn. Gen. Stat. § 52-570b) - The Plaintiffs seek to hold Ms. Wrobleski responsible for allegedly obtaining and using their computer data. Ms. Wrobleski denies having done so, and also denies that the Plaintiffs have suffered damages as a result of such alleged use.

EIGHTH COUNT - Connecticut Unfair Trade Secrets Act - The Plaintiffs claim that Ms. Wrobleski violated their trade secrets in allegedly briefly providing Viren Patel with a tour of

their website. The Plaintiffs' website is frequently disclosed to many other individuals, including customers and potential customers, and Ms. Wrobleski denies that any alleged disclosure to Mr. Patel involved the disclosure of anything subject to trade secret protection. Ms. Wrobleski also contests that the Plaintiffs have suffered any damages as a result of the allegedly improper disclosure of information. Finally, Ms. Wrobleski notes that the Plaintiffs' grossly exaggerated belief with regard to the scope of their trade secrets has resulted in their unsupportable attempts to stifle competition.

TENTH COUNT - Connecticut Unfair Trade Practices Act - The Plaintiffs claim that all of Ms. Wrobleski's conduct constitutes an unfair, unscrupulous or unfair trade practice. Ms. Wrobleski disputes these contentions in every respect. To the contrary, until her termination, Ms. Wrobleski endeavored diligently to benefit the Plaintiffs in all respects.

TWELFTH COUNT - Intentional Misrepresentation - The Plaintiffs allege that Ms. Wrobleski misrepresented her academic and professional credentials so as to induce the Plaintiffs to hire her. Ms. Wrobleski disputes that she misrepresented her credentials or that any representations she made regarding her credentials in any way impacted the Plaintiffs' decision to engage her as a software developer.

THIRTEENTH COUNT - Intentional Misrepresentation - The Plaintiffs allege that Ms. Wrobleski's misrepresented her academic and professional credentials thereby causing them to accept Ms. Wrobleski's alleged recommendation to retain another software developer, Greg Bush. Ms. Wrobleski denies that she misrepresented her credentials, that the Plaintiffs relied upon said representations in deciding to hire Greg Bush, or that the alleged damages the Plaintiffs suffered as a result of their retention of Greg Bush were caused by Ms. Wrobleski's alleged misrepresentations.

FIFTEENTH COUNT - Intentional Misrepresentation - The Plaintiffs claim that Ms. Wrobleski intentionally misrepresented her work when she submitted invoices to the Plaintiffs for work she performed. Ms. Wrobleski denies that she intentionally sought to, or did, defraud the Plaintiffs

with respect to the invoices or that the Plaintiffs have been damaged as a result of such alleged misrepresentations.

TWENTY-FIRST COUNT - Tortious Interference with Contract - After Ms. Wrobleski pled her CUTPA claim, the Plaintiffs devised this claim for alleged tortious interference with advantageous business relationship. Although asserting in the same complaint that they were monumentally damaged by their relationship with Ling Wang, the Plaintiffs claim in this count that Ms. Wrobleski interfered with their advantageous business relationship with Dr. Wang. Ms. Wrobleski disputes that, as an agent of the Plaintiffs, she can be held liable for actions taken in further of her agency in dealing with Dr. Wang. Ms. Wrobleski also disputes that she tortiously took any actions with respect to Dr. Wang's relationship with the Plaintiffs.

COUNTERCLAIMS

FIRST COUNT - Breach of Contract - Ms. Wrobleski claims that the Counterclaim Defendants breached their agreement with her by refusing to compensate her for services she performed in July and August 2002. Ms. Wrobleski also claims to be entitled to reimbursement for her purchase of a software program for the Counterclaim Defendants.

SECOND COUNT - Breach of Implied Covenant of Good Faith and Fair Dealing - Ms. Wrobleski claims that the Counterclaim Defendants' refusal to pay her pursuant to their oral consulting agreement also constitutes a breach of the implied covenant of good faith and fair dealing.

THIRD COUNT - Unjust Enrichment - Ms. Wrobleski claims that the Counterclaim Defendants have been unjustly enriched by their acceptance of beneficial services performed by Ms. Wrobleski in July and August 2002 for which they have not paid.

FOURTH COUNT - Quantum Meruit - Ms. Wrobleski asserts that if her other claims arising out of the Counterclaim Defendants' refusal to pay for services rendered in July and August 2002 fail, she still is entitled to be compensated under the theory of quantum meruit.

FIFTH COUNT - Intentional Misrepresentation - Ms. Wrobleski asserts that the Plaintiffs made intentionally false promises in order to induce Ms. Wrobleski to accept a paid engagement with them.

SIXTH COUNT - Negligent Misrepresentation - Ms. Wrobleski asserts that the Plaintiffs negligent made false promises in order to induce Ms. Wrobleski to accept a paid engagement with them.

SEVENTH COUNT - Connecticut Unfair Trade Practices Act - Ms. Wrobleski asserts that the Plaintiffs' conduct in numerous respects, including in refusing to pay her because she would not sign a non-compete and in pursuing this and several other litigations in order to stifle competition, constitutes unfair, unscrupulous and oppressive trade practices. As a result, Ms. Wrobleski claims entitlement to punitive damages and attorneys' fees.

7.    TRIAL BY MAGISTRATE JUDGE
       N/A

8.    EVIDENCE
       (a)    Witnesses:
       **Plaintiffs' Witnesses:**

1.    John Darer
       43 Harbor Drive
       Stamford, CT 06902

Mr. Darer shall testify as to all of the allegations against Wrobleski in the Complaint and each and every issue of fact in each count.  Mr. Darer will also testify as to the actual and consequential damages caused by the actions taken by Wrobleski.   Mr. Darer may also testify as to the defenses to the allegations of Wrobleski's Counterclaims.  Duration of Mr. Darer's testimony is approximately twelve (12) to sixteen (16) hours.

2.    Michael Brevoort

Mr. Brevoort is a former employee of LiquidHub, the Company that continued to develop and maintain Plaintiffs' Case Management System subsequent to the termination of Wrobleski's (and

Wang's) services.  Mr. Brevoort was the person primarily responsible for Plaintiffs' account, will testify as to how he found the Plaintiffs' Case Management System when he was first contacted to repair the Plaintiffs' Case Management System that had been disabled and the efforts he took to secure the system from any further break-ins.  Mr. Brevoort will testify as to his work and involvement in the maintenance and development of Plaintiffs' Case Management System.  Duration of Mr. Brevoort's testimony is one (1) to two (2) hours.

3.     Benjamin Goldberg, PhD.
        1 Washington Square Village #5B
        New York, NY 10012

Dr. Goldberg as an expert witness shall testify as to the technical aspects of Plaintiffs' Case Management System.  The expert witness with also testify as to the manner and circumstances of the multiple instances of unauthorized access to the system.  The expert witness will testify as to how the NetTracker software system functions and will assist in interpreting the NetTracker reports.  Dr.  Goldberg will also testify as to how Plaintiffs' Case Management System was disabled and the likely causes of same.   Dr. Golberg's Expert Reports and CV are provided herein.  Duration of Dr. Goldberg's testimony is one (1) to two (2) hours.

4.     Attorney  Stephen E. Seeger                    .
        S.J. DeLeo & Associates, P.C.
        810 Bedford Street, 2nd Floor
        Stamford, CT 06905

Mr. Seeger will testify as to the lawsuit against Freshbaked Studios and Wrobleski's involvement in such litigation.  Duration of Mr. Seeger's testimony is one (1) hour.

5.     Gregory  Bush                              .
        41 Lincoln Avenue
        Bridgeport, CT 06606-5280

Mr. Bush will testify as to his commercial relationship with Plaintiffs and Wrobleski.  Duration of Mr. Bush's testimony will be one (1) to two (2) hours.

302  CV 1751 MRK

6.      Viren Patel

Mr. Patel will testify as to his communications with Ms. Wrobleski and his access to Plaintiffs'
Case Management System.  Duration of Mr. Patel's testimony will be one (1) hour.  The
following deposition pages from Mr. Patel's deposition will be submitted should Mr. Patel, a
non-U.S. citizen, not appear:  Pages  15-17, 22, 30-37, 40-50, 52-59, 63-70,75-80, 83-84, 89-
96,102, 107-108, 114-117, 119-123, 132, 134-144.


7.      Mary Wrobleski
        51 Schuyler Ave #7G
        Stamford, CT 06906

Mary Wrobleski will be asked to testify as to each and every allegation in both the Complaint
and her Counterclaims.  Ms. Wrobleski will testify as to all of the e-mail correspondence sent
from her to Plaintiff and to third parties.  Ms. Wrobleski will be asked to testify about her
commercial relationship with Plaintiffs. Ms. Wrobleski will also be asked about her professional
and academic credentials and the conflicts between her representations and her employment
records (in addition to her deposition).  Ms. Wrobleski will also be asked to testify as to the work
performed and the work invoiced by her for Plaintiffs.  Duration of Mary Wrobleski's testimony
will be approximately four (4) hours.


8.   Ling Wang
     17 Quarry Run
     Wallingford, CT 06492

Mr. Wang will testify as to his commercial relationships with Plaintiffs and Defendant. Duration
of Dr. Wang's testimony will be approximately three (3) to four (4) hours.


9.      Richard J. Gering, PhD.
         Two Penn Central Plaza
         Suite 1800
         Philadelphia, PA 19102-1725

302  CV 1751 MRK

Dr. Gering will testify as to the economic damages suffered by Plaintiffs as a result of the actions taken by Wrobleski.  Dr. Gering's Expert Report and CV are provided herein.  Duration of testimony will be one (1) to two (2) hours.

.

### Possible Rebuttal Witnesses

1.       Stephen J. DeLeo, Esq.
         810 Bedford Street, 2nd Floor
         Stamford, CT 06905

Mr. DeLeo will testify as to the lawsuit against Greg Bush and Wrobleski's involvement in such litigation.  Duration of Mr. Deleo's testimony is one (1) hour

**Plaintiffs will be introducing certain exhibits by affidavit.  However, Plaintiffs reserve the right to present a witness to present a document or business record should an affidavit be unavailable.**

### Defendant's Witnesses

MARY WROBLESKI, Manchester, Connecticut

Ms. Wrobleski will be her primary witness with respect to the Plaintiffs' claims and her counterclaims. She will testify to her academic and professional experiences, her relationship with John Darer, the software development and consulting services she provided to John Darer free of charge as part of their devoted friendship, the software development and consulting services she provided to the Plaintiffs as part of a paid engagement between the parties, the Plaintiffs' other litigations and potential litigations, the Plaintiffs' attempts to find alternate employment or consulting relationships, the damages she has suffered as a result of the Plaintiffs' anti-competitive conduct and other factual matters more fully set forth in her proposed findings of fact. The duration of Ms. Wrobleski's testimony will be approximately six (6) to eight (8) hours.

LING WANG, Wallingford, Connecticut

Dr. Wang will testify as to his academic and professional experiences, his relationship with the Plaintiffs and Mary Wrobleski, the software development services he performed for the Plaintiffs, his communications with the Plaintiffs and their counsel, his communications with Ms. Wrobleski, the Plaintiffs' refusal to compensate him, his eventual resolution of the litigation commenced against him by the Plaintiffs and other factual matters more fully set forth in Ms. Wrobleski's proposed findings of fact. The duration of Dr. Wang's testimony will be approximately two (2) to three (3) hours.

JOHN DARER, Stamford, Connecticut

Mr. Darer will testify to his long-standing relationship with Ms. Wrobleski, his business, his communications with her and Dr. Wang, his communications with former software developers, information concerning the several lawsuits he has pursued against other software developer and the resolution of those lawsuits, the development of his business, his income, his alleged damages, his motivation in pursuing this litigation, and other factual matters more fully set forth in Ms. Wrobleski's proposed findings of fact. The duration of Mr. Darer's testimony will be approximately two (2) to four (4) hours.

HAYDEN BRAINARD, Darien, Connecticut

Attorney Brainard will testify as to his extensive involvement in the Plaintiffs' business, his communications with Ms. Wrobleski and Dr. Wang (and their counsel) regarding the services they performed, the payments due, claims in infringement of the Plaintiffs' intellectual property, draft work for hire agreements he prepared, his communications with the Plaintiffs regarding the Sybits litigation, his communications with opposing counsel in this matter, and other factual matters more fully set forth in Ms. Wrobleski's proposed findings of fact. The duration of Attorney Brainard's testimony will be approximately one (1) hour.

MS. WROBLESKI ALSO WILL RELY UPON THE TESTIMONY, ON DIRECT AND ON CROSS-EXAMINATION, OF THE PLAINTIFFS' WITNESSES IN SUPPORT OF THEIR DEFENSES AND COUNTERCLAIMS.

(b)    EXHIBITS- SEE ATTACHED EXHIBIT LISTS

EXHIBIT A is Plaintiff's Exhibit List

EXHIBIT B IS Defendant's Exhibit List

( c )    DEPOSITION TESTIMONY

The relevant portions of the Deposition of Viren Patel will be submitted as follows:

[SEE ATTACHED EXHIBIT "C"]


9.    STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.    STATEMENT OF UNCONTESTED FACTS

(1)    Plaintiffs are engaged in the business of designing, negotiating, selling, implementing and managing structured settlements of legal claims.  John Darer is the manager and sole member of 4STRUCTURES.COM, LLC.

(2)    Beginning on or about 1996, Darer met Wrobleski and began to develop a friendship with Wrobleski.  Plaintiff later engaged Wrobleski to provide software development services to assist in the development of Plaintiffs' Case Management System.

(3)    On or about April, 2000, Plaintiffs engaged Greg Bush to perform certain software development services.

(4)    Plaintiffs engaged Bush for a period of fourteen (14) months.

(5)     In June,  2001, Plaintiffs terminated their engagement with Bush to perform software development services.

(6)    On or about  June 22, 2001, Plaintiffs then engaged SmartSpares, Inc., d/b/a Sybits (Wrobleski's then current employer), to perform certain software development services on a work made for hire basis and specifically to maintain, support and assist in Plaintiffs' continued development of the Case Management System.

(7)    Wrobleski was employed by Sybits between June, 2001 and September, 2001.

(8)    On or about September, 2001, Sybits fired Wrobleski.

(9)    Between December, 2001 and August, 2002, Plaintiffs engaged Wrobleski individually to work on Plaintiffs' Case Management System.

(10)    On or about September, 2002, Plaintiffs terminated their engagement with Sybits and commenced litigation against Sybits.

(11)    Wrobleski was named a Defendant in the subject suit.

(12)    On or about January 15, 2002, Plaintiffs entered into an Agreement ("Settlement Agreement") with Sybits and Wrobleski.

(13)    Subsequently, Plaintiffs received from Sybits the developed and functional version of the Case Management System but with little to no accompanying documentation.

(14)    Plaintiffs continued to engage Wrobleski to perform services for Plaintiffs from the period of approximately December, 2002 through August 21, 2002.

(15)    The services performed by Wrobleski for Plaintiffs were performed primarily from Wrobleski's home on Wrobleski's own equipment.

(16)    Until August 22, 2002, Wrobleski was provided with access to Plaintiffs' server in order to perform her services for Plaintiffs.

(17)    On or about August 22, 2002, Wrobleski's access to Plaintiffs' server was discontinued.

(18)    On September 5, 2002, Plaintiffs confirmed dismissal of Wrobleski by letter sent via facsimile sent to Wrobleski's Counsel and requested the return of all copies of the Case Management System and Plaintiffs' confidential information in Wrobleski's possession.

(19)    Prior to Plaintiffs' engagement of Wrobleski, Wrobleski had not previously designed software specifically for the structured settlement industry.

(20)    During the month of August, 2002 (the exact date is in dispute), Wrobleski submitted her invoice for services rendered for the month of July, 2002.

(21)    During the month of September, 2002, Wrobleski submitted her invoice for services rendered for the month of August, 2002.

(22)    Plaintiffs have not paid both the July and August invoices.

(23)    On August 10, 2004, Ling Wang received correspondence (via FedEx) from Plaintiffs' Counsel advising him of the termination of his services.

(24)    Contrarily, Wrobleski advised Mr. Wang that Mr. Wang had been rehired by Mr. Darer.

17

(b)     STATEMENT OF CONTESTED FACTS

(1)     COUNT I- Copyright Infringement

a)  Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

b)  Whether Wrobleski claimed ownership of Plaintiff's Case Management System at any relevant time.

c)  Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System at any relevant time.

d)  Whether Wrobleski returned Plaintiffs' Case Management System to Plaintiffs.

e)  Whether Wrobleski deleted and/or destroyed all copies of the Case Management System before commencement of the present action.

(2)     COUNT II- Breach of Contract

a) Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

b) Whether Wrobleski returned Plaintiffs' Case Management System to Plaintiffs.

c)  Whether Wrobleski claimed ownership of Plaintiff's Case Management System.

d)  Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System.

e)  Whether Wrobleski provided access to Wang after Wang was terminated by Plaintiffs and his access to the Case Management System was blocked.

f)  Whether Wrobleski intentionally and without authorization accessed Plaintiffs' computer system (server) and disabled Plaintiffs' website.

g)  Whether Plaintiffs have suffered damages as a result of Wrobleski's breach.

(3)     COUNT III- Breach of Settlement Agreement

a) Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

b) Whether Wrobleski claimed ownership of Plaintiffs' Case Management System at any relevant time.

c) Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System at any time relevant.

d) Whether Plaintiffs have suffered damages as a result of Wrobleski's alleged breach.

4)      COUNT IV- Dismissed by Agreement and Stipulation of the Parties.

5)      COUNT V- Computer Fraud and Abuse

a)      Whether Wrobleski intentionally and without authorization accessed Plaintiffs' computer system (server) and disabled Plaintiffs' website.

b)      Whether the disabling of the website resulted in a loss of at least $5,000.00.

c)      Whether Plaintiffs have suffered damages as a result of Wrobleski's alleged disabling of Plaintiff's website.

6)      COUNT VI- Computer Fraud and Abuse

a)      Whether Wrobleski intentionally and without authorization accessed Plaintiffs' computer system (server) and recklessly disabled Plaintiffs' website.

b)      Whether the reckless disabling of the website resulted in a loss of at least $5,000.00.

c)      Whether Plaintiffs have suffered damages as a result of Wrobleski's alleged disabling of Plaintiff's website.

7)      COUNT VII- Computer Related Offense (Connecticut General  Statutes § 52-570b)

a)      Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

b)      Whether Wrobleski knew such access was not authorized.

c)      Whether such access displayed data residing in Plaintiffs' computer system.

d)      Whether such access disclosed private personal data.

e)     Whether Wrobleski intentionally and without authorization accessed Plaintiffs' computer system (server) and intentionally or recklessly disabled Plaintiffs' website.

f)     Whether Plaintiffs have suffered damages as a result of Wrobleski's alleged disabling of Plaintiffs' website.

g)     Whether Wrobleski's alleged disabling of Plaintiffs' website was wilful and malicious.

8)     COUNT VIII- CUTSA

a)     Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

b)     Whether such access disclosed information to Viren Patel.

c)     Whether such information contained any formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list.

c)     Whether Viren Patel could obtain economic value from such disclosure of such information.

d)     Whether such information was not readily known to Viren Patel.

e)     Whether such information was not readily ascertainable to Viren Patel through proper means.

f)     Whether Wrobleski had a duty to maintain the secrecy of such information or limit the use of such information.

g)     Whether Plaintiffs made reasonable efforts under the circumstances to maintain the secrecy of such information.

h)     Whether Wrobleski had a copy of the Case Management System at the time she was terminated.

i)     Whether Wrobleski returned the copy of the Case Management System to Plaintiff after Plaintiffs terminated Wrobleski and demanded return of such copy(ies).

j)     Whether the Case Management System contained information containing any formula, pattern, compilation, program, device, method, technique, process, drawing, cost data or customer list.

k)      Whether such information is of economic value to persons other than Plaintiffs.

l)      Whether the economic value of such information to persons other than Plaintiffs was derived from such information not being generally known and not being readily ascertainable to such other persons.

m)      Whether Plaintiffs made reasonable efforts under the circumstances to maintain the secrecy of such information.

n)      Whether Wrobleski's failure to return all copies of the Case Management system after Plaintiffs terminated Wrobleski and demanded return of all copies of the Case Management System was wilful and malicious.

9)      COUNT IX- Dismissed by Agreement and Stipulation of the Parties.

10)      COUNT X- CUTPA

a)      Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

b)      Whether Wrobleski intentionally and without authorization accessed Plaintiffs' computer system (server) and disabled Plaintiffs' website.

c)      Whether Wrobleski had a copy of the Case Management System at the time she was terminated.

d)      Whether Wrobleski returned a copy of the Case Management System to Plaintiff after Plaintiffs demanded return of such copy.

(e)      Whether Wrobleski provided access to Wang after Wang was terminated by Plaintiffs and his access to the Case Management System was blocked.

f)      Whether each activity, (a), (b), (c), (d) and/or (e), independently or collectively, is an unfair trade practice.

g)      Whether Plaintiffs suffered damages as a result of such activities by Wrobleski.

11)      COUNT XI- Dismissed by Agreement and Stipulation of the Parties.

12)      COUNT XII- Intentional Misrepresentation

a)      Whether Wrobleski made false representations to Plaintiffs as to her academic and professional credentials.

302 CV 1751 MRK

b)     Whether, if such misrepresentations were made by Wrobleski, Plaintiffs relied on such misrepresentations and as a result engaged her services as a software developer.

c)     Whether Plaintiffs suffered damages as a result of such detrimental reliance.

13)     COUNT XIII- Intentional Misrepresentation

a)     Whether Wrobleski made false representations to Plaintiffs as to her academic and professional credentials.

b)     Whether, if such misrepresentations were made by Wrobleski, Plaintiffs relied on such misrepresentations and upon her recommendation engaged Bush to provide software development services to Plaintiffs.

c)     Whether Plaintiffs suffered damages as a result of such detrimental reliance.

15)     COUNT XV-Intentional Misrepresentation

a)     Whether Wrobleski submitted false invoices for work never performed.

b)     Whether Plaintiffs paid such allegedly false invoices.

c)     Whether Plaintiffs were damaged as a result of such payment of such invoices.

16)     COUNT XVI- Dismissed by Agreement and Stipulation of the Parties.

17)     COUNT XVII- Dismissed by Agreement and Stipulation of the Parties.

18)     COUNT XVIII- Dismissed by Agreement and Stipulation of the Parties

19)     COUNT XIX- Dismissed by Agreement and Stipulation of the Parties.

20)     COUNT XX- Dismissed by Agreement and Stipulation of the Parties.

21)     COUNT XXI- Tortious Interference with an Advantageous Business Relationship.

a)     Whether Plaintiffs had an advantageous business relationship with Wang.

b)     Whether Wrobleski knew the existence of such advantageous business relationship with Wang.

c)      Whether Wrobleski intentionally interfered in Plaintiffs' advantageous business relationship with Wang.

d)      Whether such intentional interference by Wrobleski damaged such advantageous business relationship.

e)      Whether Plaintiffs' suffered damages as a result of the loss or damage of such advantageous business relationship.

## COUNTERCLAIMS

(1)      **COUNT I – Breach of Contract**

(a)      Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

(b)      Whether Wrobleski provided access to Wang after Wang was terminated by Plaintiffs and Wang's access to the Case Management System was blocked.

(c)      Whether Wrobleski returned Plaintiffs' Case Management System to Plaintiffs.

(d)      Whether Wrobleski provided the services stated on the invoices.

(e)      Whether Wrobleski claimed ownership of Plaintiffs' Case Management System.

(f)      Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System.

(g)      Whether Wrobleski has suffered damages as a result of the alleged Breach of Contract.

(2)      **COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing**

(a)      Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

(b)      Whether Wrobleski provided access to Wang after Wang was terminated by Plaintiffs and Wang's access to the Case Management System was blocked.

(c)      Whether Wrobleski returned Plaintiffs' Case Management System to Plaintiffs.

(d)      Whether Wrobleski provided the services stated on the invoices.

(e)      Whether Wrobleski claimed ownership of Plaintiffs' Case Management System.

(f)     Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System.

(g)     Whether Wrobleski has suffered damages as a result of the alleged Breach of the Implied Covenant of Good Faith and Dealing.


(3)     **COUNT III – <u>Unjust Enrichment</u>**

(a)     Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

(b)     Whether Wrobleski provided access to Wang after Wang was terminated by Plaintiffs and Wang's access to the Case Management System was blocked.

(c)     Whether Wrobleski returned Plaintiffs' Case Management System to Plaintiffs.

(d)     Whether Wrobleski provided the services stated on the invoices.

(e)     Whether Wrobleski claimed ownership of Plaintiffs' Case Management System.

(f)     Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System.

(g)     Whether Plaintiffs'/Counter-Claim Defendants' have been unjustly enriched by the alleged performance of services by Wrobleski for which Plaintiffs/Counter-Claim Defendants have not paid Wrobleski.


(4)     **COUNT IV – <u>Quantum Meruit</u>**

(a)     Whether Wrobleski allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System.

(b)     Whether Wrobleski provided access to Wang after Wang was terminated by Plaintiffs and Wang's access to the Case Management System was blocked.

(c)     Whether Wrobleski returned Plaintiffs' Case Management System to Plaintiffs.

(d)     Whether Wrobleski provided the services stated on the invoices.

(e)     Whether Wrobleski claimed ownership of Plaintiffs' Case Management System.

(f)     Whether Wrobleski threatened to market or sell copies of Plaintiffs' Case Management System.

(g)     Whether Wrobleski has suffered damages as a result of the alleged non-payment by Plaintiffs/Counter-Claim Defendants.

(5)    **COUNT V- <u>Intentional Misrepresentation</u>**

(a)    Whether Plaintiffs represented to Wrobleski that Wrobleski's compensation as a consultant would not be dependent upon the signing of any type Restrictive Covenant or Non-Competition Agreement.

(b)    Whether Plaintiffs represented the Wrobleski would be permitted to devote her time to working on Plaintiffs' software and website.

(c )   Whether Plaintiffs represented to Wrobleski that Wrobleski would ultimately become John Darer's partner in developing and marketing the software product on which she worked to the Structured Settlement Industry.

(d)    Whether such representations were made to Wrobleski by Plaintiffs at various times from November, 2001 through January , 2002.

(e)    Whether Plaintiffs never intended to pay for all of Wrobleski's consulting services until and unless she signed a Restrictive Covenant or Non-Competition Agreement which would preclude her from developing or marketing a software product for use in the Structured Settlement Industry.

(f)    Whether Plaintiffs always intended Wrobleski to devote a significant portion of her time attempting to develop factual support for a baseless fraud claim against two individuals whom Plaintiffs previously sued.

(g)    Whether John Darer never intended to make Ms. Wrobleski his partner in developing and marketing the software product on which she was working.

(h)    Whether Wrobleski, if such misrepresentations were made by Plaintiffs, relied on such misrepresentations and  as a result agreed to become and remain a consultant to Plaintiffs.

(i)    Whether Wrobleski has suffered damages as a result of such detrimental reliance.


(6)    **COUNT VI – <u>Negligent Misrepresentation</u>**

(a)    Whether Plaintiffs represented to Wrobleski that Wrobleski's compensation as a consultant would not be dependent upon the signing of any type Restrictive Covenant or Non-Competition Agreement.

(b)    Whether Plaintiffs represented the Wrobleski would be permitted to devote her time to working on Plaintiffs' software and website.

(c )     Whether Plaintiffs represented that Wrobleski would ultimately become John Darer's partner in developing and marketing the software product on which she worked to the Structured Settlement Industry.

(d)     Whether such representations were made to Wrobleski by Plaintiffs at various times from November, 2001 through January , 2002.

(e)     Whether Plaintiffs knew or should have known that their representations were untrue.

(f)     Whether Plaintiffs failed to exercise reasonable care or competence in communicating information concerning his intentions to Wrobleski.

(g)     Whether Plaintiffs knew or should have known at the time the representations were made to Wrobleski that Plaintiffs would not compensate Wrobleski fully for her consulting services until and unless she signed a Restrictive Covenant or Non-Competition Agreement which would preclude her from developing or marketing a software product for use in the Structured Settlement Industry.

(h)     Whether Plaintiffs knew or should have known at the time the representations were made to Wrobleski that Plaintiffs expected Wrobleski to devote a significant portion of her time attempting to develop factual support for a baseless fraud claim against two individuals whom Plaintiffs previously sued.

(i)     Whether Plaintiffs knew or should have known at the time the representations were made to Wrobleski that Darer would not make Wrobleski his partner in developing and marketing the software product on which she was working.

(j)     Whether Wrobleski, if such misrepresentations were made by Plaintiffs, Wrobleski relied on such misrepresentations and agreed to become and remain a consultant to Plaintiffs.

(k)     Whether Wrobleski has suffered damages as a result of such detrimental reliance.

7.     **COUNT VII –  CUTPA**

(a)     Whether Plaintiffs represented to Wrobleski that Wrobleski's compensation as a consultant would not be dependent upon the signing of any type Restrictive Covenant or Non-Competition Agreement.

(b)     Whether Plaintiffs fraudulently induced Wrobleski to enter into a business relationship with Plaintiffs under false pretenses.

(c)    Whether, after the business relationship between Plaintiffs and Wrobleski was established, Plaintiffs attempted to coerce Wrobleski to sign a Non-Compete against her will by threatening to withhold payments to which she was entitled unless and until she signed the Non-Compete.

(d)    Whether, when Wrobleski ultimately refused to sign the Non-Compete, Plaintiffs carried out their threat and refused to pay Wrobleski for her consulting services.

(e)    Whether Plaintiffs pressed Wrobleski and Ling Wang to fabricate a fraud claim against two other individuals whom Plaintiffs previously sued in order to ensure that those individual would not compete against Plaintiffs.

(f)    Whether Plaintiffs threatened and ultimately commenced baseless legal actions against actual or perceived competitors that were designed to stifle competition, rather than to vindicate legal rights.

(g)    Whether, at the time Plaintiffs commenced the present Action, Plaintiffs knew, or should have known, that Wrobleski had not engaged in any of the misconduct of which she is accused.

(h)    Whether Plaintiffs used intimidation, threats, and overly-aggressive and inappropriate tactics to force Wrobleski to agree to the terms of the Non-Compete which she previously refused to sign.

(i)    Whether each activity (a),(b),(c),(d),(e),(f),(g), and/or (h), independently or collectively, is an unfair trade practice.

(j)    Whether Wrobleski suffered damages as a result of such activities by Plaintiffs.

(k)    Whether Plaintiffs conduct was intended to stifle competition by removing Wrobleski as a potential customer.

(l)    Whether Plaintiffs conduct was unethical, oppressive, and unscrupulous.


(c)    STATEMENT OF CONTESTED ISSUES OF LAW

(1)    COUNT I- Copyright Infringement

a)    Whether Wrobleski allegedly providing unauthorized access to Plaintiffs' Case Management System to Viren Patel constitutes a copyright infringement  and a violation of 17 USC § 101 et. seq.

b)      Whether Wrobleski's threat to sell or market Plaintiffs' Case Management System, including Plaintiffs' copyright protected code, in Wrobleski's possession entitles Plaintiffs to Injunctive Relief under 17 USC § 101 et. seq. to prevent infringement of such copyright

c) Whether Wrobleski's claim of ownership of Plaintiffs' Case Management System, including Plaintiffs' copyright protected code, constituted a copyright infringement entitling Plaintiffs to Injunctive Relief to under 17 USC § 101 et. seq. to prevent infringement of such copyright.

(2)    COUNT II- Breach of Contract

a)      Whether Wrobleski allegedly having allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement with Plaintiffs.

b)      Whether Wrobleski's not returning Plaintiffs' Case Management System to Plaintiffs constitutes a breach of her Consulting Agreement.

c)      Whether Wrobleski's alleged threat to sell or market Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement.

d)      Whether Wrobleski's claim of ownership of Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement.

e)      Whether Wrobleski's alleged intentional and unauthorized access to access to Plaintiffs' computer system (server) and alleged disabling of Plaintiffs' website constitutes a breach of her Consulting Agreement.

g)      Whether Plaintiffs have suffered damages as a result of Wrobleski's alleged breach.

(3)    COUNT III- Breach of Settlement Agreement

a)      Whether Wrobleski allegedly having allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System constitutes a breach of the Settlement Agreement entered into between Plaintiffs and Wrobleski.

b)      Whether Wrobleski's alleged claim of ownership constitutes a breach of the Settlement Agreement.

c)      Whether Wrobleski's alleged threat to sell or market Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement.

(4)     COUNT IV- Dismissed by Agremeent and Stipulation of the parties.

5)      COUNT V- Computer Fraud and Abuse

a)      Whether Wrobleski's allegedly unauthorized access to Plaintiffs' Case Management System and the alleged disabling of Plaintiffs' website constitute computer fraud and abuse and thus a violation of 18 USC § 1030 (a)(5)(B).

6)      COUNT VI- Computer Fraud and Abuse

a)      Whether Wrobleski's alleged unauthorized access to Plaintiffs' Case Management System and the alleged reckless disabling of Plaintiffs' website constitute computer fraud and abuse and thus a violation of 18 USC § 1030 (a)(5)(B).

7)      COUNT VII- Computer Related Offense (Connecticut General  Statutes § 52-570b).

a)      Whether Wrobleski allegedly providing unauthorized access to Plaintiffs' Case Management System to Viren Patel and alleged disclosing of private personal data constitute a violation of the statute.

b)      Whether Wrobleski's alleged intentional and unauthorized access to Plaintiffs' Case Management System and alleged intentional or reckless disabling of Plaintiffs' website constitute a violation of the statute.

8)      COUNT VIII- CUTSA

a)      Whether the information allegedly disclosed to Viren Patel by Wrobleski constitutes a trade secret under CUTSA.

b)      Whether Wrobleski allegedly having allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System constitutes a disclosure of a trade secret and thus a violation under CUTSA.

c)      Whether Wrobleski allegedly not returning the copy(ies) of the Case Management System to Plaintiffs after Plaintiffs terminated Wrobleski and

demanded return of all copies of the Case Management System constitute an acquisition by improper means under the statute and thus a violation of CUTSA.

9)      COUNT IX- Dismissed by Agreement and Stipulation of the Parties.

10)     COUNT X- CUTPA

        a)      Whether each activity, independently or collectively, found to factually be an unfair trade practice constitutes a violation of CUTPA.

11)     COUNT XI- Dismissed by Agreement and Stipulation of the Parties.

12)     COUNT XII- Intentional Misrepresentation

13)     COUNT XIII- Intentional Misrepresentation

14)     COUNT XIV- Dismissed by Agreement and Stipulation of the Parties.

15)     COUNT XV- Intentional Misrepresentation

16)     COUNT XVI- Dismissed by Agreement and Stipulation of the Parties.

17)     COUNT XVII- Dismissed by Agreement and Stipulation of the Parties.

18)     COUNT XVIII- Dismissed by Agreement and Stipulation of the Parties.

19)     COUNT XIX- Dismissed by Agreement and Stipulation of the Parties.

20)     COUNT XX- Dismissed by Agreement and Stipulation of the Parties.

21)     COUNT XXI- Tortious Interference with an Advantageous Business Relationship

        a)      Whether Wrobleski's actions regarding Ling Wang constitute tortious interference with an advantageous business relationship under Connecticut Law.

## COUNTERCLAIMS

1)      **COUNT I – Breach of Contract**

        a)      Whether the actions taken by Wrobleski constitute a proper defense for nonpayment of the July and August 2002 invoices.

        b)      Whether the actions taken by Wrobleski constitute unclean hands and is thus a defense for nonpayment by Plaintiffs of the July and August 2002 invoices.

2)**COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing**

        a)      Whether Plaintiffs allegedly refused to pay Wrobleski for her services unless and until she agreed to sign the non-compete against her will

constitutes a violation of the implied covenant of good faith and fair dealing contained in the Consulting Agreement.

**3)**      **COUNT III – Unjust Enrichment**

       a)      Whether the actions taken by Wrobleski constitute a proper defense for nonpayment of the July and August 2002 invoices.

       b)      Whether the actions taken by Wrobleski constitute unclean hands and is thus a defense for nonpayment by Plaintiffs of the July and August 2002 invoices.

**4)**      **COUNT IV – Quantum Meruit**

       a)      Whether the actions taken by Wrobleski constitute a proper defense for nonpayment of the July and August 2002 invoices.

       b)      Whether the actions taken by Wrobleski constitute unclean hands and is thus a defense for nonpayment by Plaintiffs of the July and August 2002 invoices.

**5)**      **COUNT V – Intentional Misrepresentation**

**6)**      **COUNT VI – Negligent Misrepresentation**

**7)**      **COUNT VII – CUTPA**

       a)      Whether each activity, independently or collectively, found factually be an unfair trade practice constitutes a violation of CUTPA.

302  CV 1751 MRK

Respectfully submitted,

_____

Alberto N. Moris, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
CT Federal Bar No.  23979
Counsel for Plaintiff Peter Jones
30 Old Kings Highway South
Darien, Connecticut  06820

Telephone:     203.899.3300
Facsimile:     203.655.7695
e-mail:  amoris@rbce.com


e-mail   hbrainard@rbce.com

_____

Mr. Daniel M. Young, Esq.
Wofsey, Rosen, Kweskin & Kuriansky, LLP
Attorney for Defendant
600 Summer Street
Stamford, CT  06901
Tel: (203) 327-2300
Fax: (203) 967-9273
e-mail: dyoung@wrkk.com