UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN D. DARER and 4STRUCTURES.COM,
LLC d/b/a Summit Settlement Services,
    Plaintiffs

CIVIL ACTION NO. 302 CV 1751 MRK

V.

MARY WROBLESKI,
    Defendant
_____/

**PLAINTIFFS' PROPOSED CONCLUSIONS OF LAW**

STATEMENT OF CONTESTED ISSUES OF LAW

(1) COUNT I- Copyright Infringement

    a) That Wrobleski providing unauthorized access to Plaintiffs' Case Management System to Viren Patel constitutes a copyright infringement and thus a violation of 17 USC § 101 et. seq.

    b) That Wrobleski's threat to sell or market Plaintiffs' Case Management System, including Plaintiffs' copyright protected code, in Wrobleski's possession entitles Plaintiffs to Injunctive Relief under 17 USC § 502 et. seq. to prevent infringement of such copyright

    c) That Wrobleski's claim of ownership of Plaintiffs' Case Management System, including Plaintiffs' copyright protected code, constituted a copyright infringement entitling Plaintiffs to Injunctive Relief to under 17 USC § 502. to prevent infringement of such copyright.

(2) COUNT II- Breach of Contract

    a) That Wrobleski having allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement with Plaintiffs.

    b) That Wrobleski's failure to return Plaintiffs' Case Management System to Plaintiffs constitutes a breach of her Consulting Agreement.

    c) That Wrobleski's claim of ownership of Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement.

    d) That Wrobleski's threat to sell or market Plaintiffs' Case Management System constitutes a breach of her Consulting Agreement.

    e) That Wrobleski's alleged intentional and unauthorized access to access to Plaintiffs' computer system (server) and alleged disabling of Plaintiffs' website constitutes a breach of her Consulting Agreement.

(3) COUNT III- Breach of Settlement Agreement

    a) That Wrobleski having allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System constitutes a breach of the Settlement Agreement entered into between Plaintiffs and Wrobleski.

    b) That Wrobleski's claim of ownership constitutes a breach of the Settlement Agreement.

    c) That Wrobleski's threat to sell or market Plaintiffs' Case Management System constitutes a breach of the Settlement Agreement.

(4) COUNT IV- Dismissed by Agreemeent and Stipulation of the parties.

5) COUNT V- Computer Fraud and Abuse

    a) That Wrobleski's unauthorized access to Plaintiffs' Case Management System and the disabling of Plaintiffs' website constitute computer fraud and abuse and thus a violation of 18 USC § 1030 (a)(5)(B).

6) COUNT VI- Computer Fraud and Abuse

    a) That Wrobleski's unauthorized access to Plaintiffs' Case Management System and the reckless disabling of Plaintiffs' website constitute computer fraud and abuse and thus a violation of 18 USC § 1030 (a)(5)(B).

302 CV 1751 MRK

7) COUNT VII- Computer Related Offense (Connecticut General Statutes § 52-570b).

    a) That Wrobleski providing unauthorized access to Plaintiffs' Case Management System to Viren Patel and disclosing private personal data constitute a violation of the statute.

    b) That Wrobleski's intentional and unauthorized access to Plaintiffs' Case Management System and the intentional or reckless disabling of Plaintiffs' website constitute a violation of the statute.

8) COUNT VIII- CUTSA

    a) That the information disclosed to Viren Patel by Wrobleski constitutes a trade secret under CUTSA.

    b) That Wrobleski's having allowed a competitor of Plaintiffs', Viren Patel, unauthorized access to Plaintiffs' Case Management System constitutes a disclosure of a trade secret and thus a violation under CUTSA.

    c) That Wrobleski's providing Wang with unauthorized access to Plaintiffs' Case Management System constitutes a disclosure of a trade secret and thus a violation under CUTSA.

    c) That Wrobleski not returning the copy(ies) of the Case Management System to Plaintiffs after Plaintiffs terminated Wrobleski and demanded return of all copies of the Case Management System constitute an acquisition by improper means under the statute and thus a violation of CUTSA.

9) COUNT IX- Dismissed by Agreement and Stipulation of the Parties.

10) COUNT X- CUTPA

    a) That each activity, independently or collectively, found to factually be an unfair trade practice constitutes a violation of CUTPA.

11) COUNT XI- Dismissed by Agreement and Stipulation of the Parties.

12) COUNT XII- Intentional Misrepresentation

    a) That the intentional misrepresentations made by Wrobleski constitute Intentional Misrepresentation under Connecticut Law. <u>Parker v. Shaker Real Estate, Inc.,</u> 47 Conn. App. 489, 493 (1998).

13) COUNT XIII- Intentional Misrepresentation

    a) That the intentional misrepresentations made by Wrobleski constitute Intentional Misrepresentation under Connecticut Law. <u>Parker v. Shaker Real Estate, Inc.</u> 47, Conn. App. 489, 493 (1998).

14) COUNT XIV- Dismissed by Agreement and Stipulation of the Parties.

15) COUNT XV- Intentional Misrepresentation

    a) That the intentional misrepresentations made by Wrobleski constitute Intentional Misrepresentation under Connecticut Law. <u>Parker v. Shaker Real Estate, Inc.,</u> 47 Conn. App. 489, 493 (1998).

16) COUNT XVI- Dismissed by Agreement and Stipulation of the Parties.

17) COUNT XVII- Dismissed by Agreement and Stipulation of the Parties.

18) COUNT XVIII- Dismissed by Agreement and Stipulation of the Parties

19) COUNT XIX- Dismissed by Agreement and Stipulation of the Parties.

20) COUNT XX- Dismissed by Agreement and Stipulation of the Parties.

21) COUNT XXI- Tortious Interference with an Advantageous Business Relationship

    a) That Wrobleski's actions regarding Ling Wang constitute tortious interference with an advantageous business relationship under Connecticut Law. Heyman v. Kline, 344 F. Supp. 1110, (D.Conn, 1970).

    b) That Plaintiffs are entitled to Punitive damages even in the absence of an award of either compensatory or nominal damages. HI-HO Tower, Inc. v. Com-Tronics, Inc, et. al., 255 Con. 20 761 A.2d 1268 (2000).