UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **JOHN D. DARER, 4STRUCTURES.COM, LLC** d/b/a SUMMIT SETTLEMENT SERVICES, : Plaintiffs, v. **MARY WROBLESKI and LING WANG,** Defendants. | : CASE NO. 302 CV 1751 (MRK) : : : : : : : : : : : : DECEMBER 15, 2004 |

**DEFENDANT WROBLESKI'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER**

Defendant Mary Wrobleski submits this memorandum of law in support of her motion for leave to amend her Answer to Amended Complaint, Affirmative Defenses and Counterclaim, dated September 4, 2003. Pursuant to Ms. Wrobleski's motion, she respectfully requests leave to assert specifically the affirmative defense of statute of limitations with respect to Counts Twelve and Thirteen of the Plaintiffs' Amended Verified Complaint, dated August 29, 2003.

I.   The Rule 15(a) Standard

Judge Nevas summarized the Rule 15(a) standard by which a request for leave to amend should be measured in Concerned Citizens of Belle Haven v. Belle Haven Club, No. Civ. 3:99CV 1467 (AHN), 2002 WL 32124959 at *3 (D. Conn. Oct. 25, 2002). Noting that Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," Judge Nevas explained:

> "[T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957). In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court enunciated factors that weigh against amendment. These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

>amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. at 178.

None of these relevant factors weigh against permitting Ms. Wrobleski's proposed amendment.

While this amendment could have been made earlier, the "Second Circuit has made it clear that delay, without more, cannot be the basis to deny an amendment and has routinely excused delays of more than two years." Concerned Citizens of Belle Haven, 2002 WL at *5 (citing Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). "Indeed, an amendment may be permitted at any point during the course of litigation." 2002 WL at *5 (citing Foman, 371 U.S. at 181-82 ("in the interest of justice," leave to amend may be necessary even at post-judgment stage)). There also is no conceivable claim of bad faith or dilatory motive on the part of Ms. Wrobleski, nor can there be any claim of undue prejudice to the Defendants. While the Plaintiffs undoubtedly would prefer not to have the Court adjudicate whether the three-year statute of limitations bars part or all of their misrepresentations claims, they in no way will be unfairly prejudiced by the adjudication of these issues.

II.     The Existing Answer

In response to the Plaintiffs' Amended Verified Complaint, dated August 29, 2003, Ms. Wrobleski filed her Answer to Amended Complaint, Affirmative Defenses and Counterclaim, dated September 4, 2003. In that pleading, Ms. Wrobleski asserted the affirmative defense that the Plaintiffs' claims "fail to state causes of action upon which relief may be granted." While she did not specifically plead the affirmative defense of statute of limitations, the pleading of the affirmative defense of failure to state a claim encompasses a statute of limitations defense.

In Livshits v. Natural Y Surgical Specialties, Inc., No. 87 CIV 2403 (KMW), 1989 WL 116428 (S.D.N.Y. Sept. 26, 1989), Judge Kimba Wood rejected a plaintiff's argument that a defendant waived any defense based on the statute of limitations by failing to plead it as an affirmative defense. 1989 WL at *1. Judge Wood found "[t]his argument unavailing because

2

defendant pled the affirmative defense of failure to state a claim, which includes a defense based on the statute of limitations." Id.  Despite this holding, Ms. Wrobleski nonetheless seeks to amend her answer so as to leave no doubt as to the viability of her statute of limitations defense.

III.     The Proposed Amendment

Ms. Wrobleski seeks to plead specifically the affirmative defense that the twelfth and thirteen count of the Plaintiffs' amended complaint are barred by the applicable three-year statute of limitations, Conn. Gen Stat. § 52-577.  In the twelfth and thirteen counts, the Plaintiffs allege that Ms. Wrobleski misrepresented her academic and professional credentials causing the Plaintiffs to rely upon such representations in (1) retaining her to perform certain software development services, and (2) retaining Greg Bush to perform certain software development services.  The Plaintiffs do not allege any details concerning Ms. Wrobleski's alleged misrepresentations.[1]  Ms. Wrobleski denies making any misrepresentations concerning her academic or professional credentials.  Regardless,  as set forth in the Defendant's recently filed proposed findings of fact and conclusions of law (Exhibit E to the Joint Trial Memo), Ms. Wrobleski believes that all representations concerning her credentials were made when she and plaintiff John Darer first met in 1996, either while they initially were dating or at the commencement of their years-long friendship.  Irrespective of the exact date when such representations were made, the Plaintiffs' misrepresentation claims appear to be premised upon statements that were made approximately six years before they filed their misrepresentation claims as part of their Amended Verified Complaint, dated August 29, 2003.

Connecticut General Statutes § 52-577 requires that such claims be filed no later than three years following the date upon which the misrepresentations were made.  Section 52-577 is

---

[1] There is little doubt that the Plaintiffs failed to comply with Rule 9(b)'s requirement that fraud claims be pled with particularity.  Although this defect was obvious, Ms. Wrobleski elected not to file a motion to dismiss in order to save attorneys' fees, recognizing that a successful motion likely would simply have required the Plaintiffs to re-plead.

an "occurrence statute" meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs. As the Supreme Court has explained:

> In construing our general tort statute of limitations, General Statutes § 52-577, which allows for an action to be brought within three years from the date of the act or omission complained of, we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred.

Fichera v. Mine Hill Corp., 207 Conn. 204, 212 (1988) (citations and internal quotation marks omitted); see also McDonald v. Haynes Medical Laboratory, 192 Conn. 327, 330 (1984) ("Unlike the statutes of other jurisdictions which begin to run only after the cause of action has accrued, the Connecticut statutes of limitations for torts commence with the act or omission complained of, which is when the tortious conduct of the defendant occurs and not the date when the plaintiff first sustains damage or first discovery injury.").

Here, because the Plaintiffs' misrepresentation claims are premised upon alleged statements made more than three years prior to the time they asserted those claims, those claims are time barred. To the extent there is a factual dispute concerning when the alleged misrepresentation claims were made, such dispute will have to be resolved at trial. Ms. Wrobleski now seeks leave simply to plead the affirmative defense, so that she may avail herself of the statute of limitations defense if the Court resolves the relevant factual disputes in her favor.

III.     Conclusion

"It is 'rare' that leave to amend should be denied." Wells v. Harris, 185 F.R.D. 128, 131 (D. Conn. 1999) (quoting Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991)). While the decision whether to grant leave is within the court's sound discretion, as Foman, supra, 371 U.S. 178, "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing spirit of the Federal Rules." Kim v. Convent of the Sacred Heart, Inc., No. 3:95CV961 (AHN), 1998 WL 241213 at *1 (D. Conn. Apr. 17, 1998) (quoting United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989)).

Therefore, Ms. Wrobleski respectfully requests that she be permitted to amend her answer to assert the defense of statute of limitations to the twelfth and thirteen counts of the Plaintiffs' Amended Verified Complaint.

> THE DEFENDANT,
> MARY WROBLESKI
>
>
> By_____
> Daniel M. Young (ct17188)
> WOFSEY, ROSEN, KWESKIN
>     & KURIANSKY, LLP
> 600 Summer Street
> Stamford, Connecticut 06901
> Telephone: (203) 327-2300
> Facsimile: (203) 967-9273
> E-mail:  dyoung@wrkk.com

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing has been mailed this 15th day of December 2004 to:

Alberto Moris, Esq.
Hayden Brainard, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South
Darien, CT   06820

_____
Daniel M. Young