UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN D. DARER, 4STRUCTURES.COM, LLC d/b/a SUMMIT SETTLEMENT SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>MARY WROBLESKI and LING WANG,<br><br>Defendants. | CASE NO. 302 CV 1751 (MRK)<br><br><br><br><br><br><br><br><br><br>DECEMBER 16, 2004 |

**DEFENDANT WROBLESKI'S MOTION IN LIMINE
TO PRECLUDE EXPERT WITNESS TESTIMONY**

Defendant Mary Wrobleski respectfully moves in limine to preclude the Plaintiffs' expert witness Professor Benjamin Goldberg from testifying about matters not adequately disclosed in his expert reports. While the Joint Trial Memorandum Instructions appears to envision that arguments like those contained in this motion should be raised in the Joint Trial Memorandum, it was not possible to do so because the undersigned was not alerted to these issue until he received the Plaintiffs' proposed findings of fact at 11:47pm on Monday evening, the day before the Joint Trial Memorandum was required to be filed. Only at that time did the undersigned realize that the Plaintiffs intended to have their expert testify to matters that were not disclosed in his expert disclosures. Therefore, Ms. Wrobleski respectfully asserts that this motion is timely and, for the reasons discussed below, should be granted.

I.   History of Professor Goldberg's Expert Disclosures

On August 28, 2003, the Plaintiffs served Professor Goldberg's initial "Expert Report," a copy of which is attached hereto as Exhibit A. Professor Goldberg's initial report failed to include any expert opinions to be expressed, but rather contained only conclusory statements regarding the topics about which he intended to testify. In response to this inadequate expert

report, Defendant Wrobleski's counsel wrote to Plaintiffs' counsel on September 2, 2003, requesting a more detailed report that satisfied the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. A copy of that letter is attached hereto as Exhibit B.

In response to the request for an expert report that actually disclosed the opinions to be testified to, as required by Rule 26(a)(2), the Plaintiffs disclosed a "Supplemental Expert Report," dated December 11, 2003, a copy of which is attached hereto as Exhibit C. That second report provides, in detail, the nature of Professor Goldberg's anticipated testimony concerning certain computer issues relating to the ability to access the Plaintiffs' website from other computers on the internet. Ms. Wrobleski does <u>not</u> dispute that Professor Goldberg may testify as to the opinions fully disclosed in this supplemental report. However, the Defendant <u>does</u> object to the Plaintiffs' attempt now to have Professor Goldberg testify as to many opinions that never have been properly disclosed, if at all.

II.     <u>Undisclosed Opinions That the Plaintiffs Seek to Introduce</u>

In the Plaintiffs' Proposed Findings of Fact, Exhibit D to the Joint Trial Memorandum, the Plaintiffs announce an intention to rely upon Professor Goldberg to testify as to numerous opinions never previously disclosed. The Plaintiffs announce an intention that Professor Goldberg will testify about the Plaintiffs' Case Management System and the fact that it constitutes a trade secret that was misappropriated. In their proposed findings of fact with respect to Count Eight of their Amended Verified Complaint, the Plaintiffs state that they intend to rely upon Professor Goldberg's testimony with respect to alleged trade secret information:

> (b) That such acts disclosed information to Viren Patel.
> (c) That such information contained a compilation.
> (d) That such information contained a program.
> (e) That such information contained a process.
> (f) That such information contained a customer list.
> (g) That Patel could obtain economic value from such disclosure of such information.
> (h) That such information was not readily known to Virin Patel.
> (i) That such information was not readily ascertainable to Virin

>Patel through proper means.
>(j) That Wrobleski had a duty to maintain the secrecy of such information or limit the use of such information.
>(k) That Plaintiffs made reasonable efforts under the circumstances to maintain secrecy of such information.
>(l) That Wrobleski had a copy of the Case Management System at the time she was terminated.
>(m) That Wrobleski did not return a copy of the Case Management System to Plaintiffs after Plaintiffs terminated Wrobleski and demanded return of such copies.
>(o) That the information contained in the Case Management System is of economic value to persons other than Plaintiffs.
>(p) That the economic value to persons other than Plaintiffs of the information contained in the Case Management System is derived from such information not being generally known and not being readily ascertainable to such other persons.
>(q) That Plaintiffs made reasonable efforts under the circumstances to maintain the secrecy of the information contained in the Case Management System.

With respect to Count Ten, their CUTPA claim, in their proposed findings of fact, the Plaintiffs assert that Professor Goldberg will testify "(c) That Wrobleski had a copy of the Case Management System at the time she was terminated." In Count Twelve, the Plaintiffs assert that Professor Goldberg will testify:

>(a) That Wrobleski made false representations to Plaintiffs as to her academic and professional credentials.
>(c ) That Plaintiffs suffered damagess a result of such detrimental reliance.

**None of Professor Goldberg's opinions with respect to any of these matters have been disclosed.**


III.    <u>Argument</u>

Rule 26(a)(2)(B) provides that any "witness who is retained or specially employed to provide expert testimony in the case" must provide an expert report that contains "a complete statement of all opinions to be expressed and the basis and reasons thereof; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions ...." "The basis and opinions requirement means 'how'

and 'why' the expert reached the conclusions and opinions to be expressed." Ordon v. Karpie, 223 F.R.D. 33, 35 (D. Conn. 2004) (quoting Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996)). "The data and information refers to what the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed." Id.

"A party who fails to disclose its expert witness in accordance with Fed. R. Civ. P. 26(a) will not be permitted to use that witness at trial." King-Hardy v. Bloomfield Board of Education, No. Civ. 3:01 CV 979 (PCD), 2002 WL 32506294 (D. Conn. Dec. 8, 2002) (citing Fed. R. Civ. P. 37(c)(1) and granting defendant's motion to preclude expert witness).

"The point of Rule 26(a)(2) is to minimize unfair surprise and prejudice resulting from sketchy and vague disclosure prior to trial." KW Plastics v. United States Can Co., 199 F.R.D. 687, 690 (M.D. Ala. 2000) (citations and internal quotation marks omitted). The Advisory Committee Notes of 1993 for Rule 26(a)(2) explains the requirements and purpose of the rule, requiring that an expert:

> must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.

"The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'" Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996) (citations omitted). "The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced. Id. Furthermore, Rule 26(a)(2)(B) appears "to require exact compliance in all particulars with the disclosures" requirement. Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D. Md. 1997) (citation omitted) (declaring "a literal reading of Rules 37(a)(3)

and 37(c)(1) would result in the application of automatic exclusion of an expert's trial testimony if there was not complete compliance with the requirements of Rule 26(a)(2)(B), unless the court finds that there was substantial justification for the failure to make complete disclosure or that failure to disclose is harmless").

In reliance upon the limited scope of Professor Goldberg's expert disclosure, Ms. Wrobleski elected not to depose him or to disclose her own expert witness. And, while the Plaintiffs indicate the proposed factual findings about which Professor Goldberg will testify in their proposed findings of fact and conclusions of law, they still have not provided the actual opinions held by Professor Goldberg on the above referenced topics or how Professor Goldberg arrived at such conclusions. Rule 36(a)(3) provides that an "incomplete disclosure ... is to be treated as a failure to disclose ...."

In the instant matter, in order to avoid any unfair prejudice to Ms. Wrobleski, she respectfully requests that the Court preclude Professor Goldberg from testifying as to any opinions other than those disclosed in his December 11, 2003 supplemental report.

THE DEFENDANT,
MARY WROBLESKI

By_____
Daniel M. Young (ct17188)
WOFSEY, ROSEN, KWESKIN
    & KURIANSKY, LLP
600 Summer Street
Stamford, Connecticut 06901
Telephone: (203) 327-2300
Facsimile: (203) 967-9273
E-mail: dyoung@wrkk.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed this 16th day of December 2004 to:

Alberto Moris, Esq.
Hayden Brainard, Esq.
Rucci, Burnham, Carta & Edelberg, LLP
30 Old Kings Highway South
Darien, CT   06820

_____
Daniel M. Young